## McKiel et al. *vs.* The Real Estate Bank.

The act of March 3d, 1838, authorizes the Real Estate Bank to charge the same rate of interest as the State Bank, and is not repealed, as to the Real Estate Bank, by the act of December 10, 1838.

In a suit by the Real Estate Bank, it is not necessary to prove her corporate existence, on the general issue. The court judicially knows it.

In a suit against the maker of a note payable at a particular place, it is not necessary to prove a demand at the place.

This was an action of debt, tried in the Phillips Circuit Court, in December, 1841, before the Hon. Isaac Baker, one of the circuit judges. The Bank sued Josiah S. McKiel and his securities on two notes, one for $1800, due at six months from the 19th of December, 1839, and one for $2000, due at six months from the 21st day of November, 1839.

The defendants pleaded usury and the general issue of *nil debet*, not sworn to. Each plea of usury stated, that the note was given to the Bank to obtain a loan, and each amounted to this: that the notes had six months and the days of grace to run, and were discounted for that length of time, the Bank reserving interest in advance, at the rate of seven per centum per annum, instead of six per centum per annum, which the plea alleges was all she was, by law, entitled to receive.

The plaintiff demurred to the plea of usury, and joined issue to the plea of *nil debet*. The demurrer was sustained, and the case tried by the court on the general issue.

On the trial, the plaintiff read the notes in evidence, and rested the case. The defendants moved for a non-suit, on three grounds: *First*, that there was no evidence of presentment and demand, at the Bank at Helena, where the note was payable, such presentment and demand being averred in the declaration. *Second*, that no protest and notice were proven, no protest being alleged in the declaration. *Third*, because the Bank had not proved she was a corporation.

McKiel et al. *vs.* The Real Estate Bank.

Motion denied, and judgment for the plaintiff. The defendant appealed.

*W. & E. Cummins* and *Ashley & Watkins*, for the plaintiff in error, argued the case at length, in writing. There were also several cases pending upon the same points, and others, which were decided at the same time. One point was, that one defendant was not served with process, but the pleas were filed by "the defendants," not naming them, and that it was to be taken that they had all pleaded; so that the the plaintiff could not, after plea, discontinue as to the defendant not served. To this point, counsel cited *Robbins vs. Fowler,* 2 *Ark.* 143. *Tippet vs. May,* 1 *B. & P.* 411. 1 *Saund. Rep.* 207, *a.* 5 *J. R.* 160. *Lewis vs. Davis,* 2 *Bibb,* 570. *Chandler vs. Parkes,* 3 *Esp.* 76. *Jaffray vs. Freebain,* 5 *Esp.* 47. *Shields vs. Perkins,* 2 *Bibb,* 229. *Hardwick vs. McKee,* 2 *Bibb,* 596. *Ashley vs. Hyde & Goodrich, ante.*

It was also objected, that the damages claimed were $400, and that the judgment was rendered for a larger amount of interest than that sum; and counsel cited, to this point, 1 *Tidd's Pr.* 653. 2 *Tidd's Pr.* 806. 1 *Ch. Pl.* 130. *Watkins vs. Morgan,* 6 *C. & P.* 661. 1 *Ch. Pl.* 372, 408.

*Pike & Baldwin,* contra. It was not usury to take the interest in advance; thus charging it on the whole note, and not on the sum actually loaned; nor to take it for the days of grace. *Thornton vs. The Ban kof Washington,* 3 *Pet.* 40. *Fleckner vs. Bank of U. S.,* 8 *Wheat.* 338. *Utica Ins. Co. vs. Bloodgood,* 4 *Wend.* 652. *N. Y. Firemen's Ins. Co. vs. Sturges,* 2 *Cowen,* 664, 678, 793. *Manhattan Co. vs. Osgood,* 15 *J. R.* 162. *Lloyd, qui tam, vs. Williams,* 2 *W. Bla.* 292. *Renner vs. The Bank of Columbia,* 9 *Wheat,* 581.

The plea, when not sworn to, was properly stricken out. It was a plea impeaching the consideration. *Rev. St.* 629.

It was not necessary, under the general issue, to prove that the plaintiff was a corporation. 5 *Shepley,* 34. 16 *Maine,* 224. *Society, &c., vs. Pawlett,* 4 *Pet.* 480. *Trustees, &c., vs. Kendrick,* 3 *Fairf.* 381. *Proprietors, &c., vs. Rogers,* 1 *Mass.* 159. *Proprietors &c., vs.*

*Call.*, 1 *Mass.* 483. *First Parish vs. Cole*, 3 *Pick.* 232. 3 *Pet.* 407. *Boston Type Foundry vs. Spooner*, 2 *Verm.* 93. *President and Directors vs. Garrett, MS. decisions of Judge Brevard*, 1 *Rice's Dig.* 167. *Conard vs. Atlantic Ins. Co.*, 1 *Pet.* 386, 450. *Com. Dig.* "*Franchise*," F. 6, 10, 11, 15. "*Capacity*," A. 2. 10 *Co.* 30, b. *Mayor, &c., vs. Bolton*, 1 *B. & P.* 40.

It was not necessary to aver or prove presentment and demand. *Sumner vs. Ford*, 3 *Ark.* 389.

It was unnecessary to prove protest and notice. No protest is necessary in the case of a promissory note. *Cummings vs. Fisher, Anth. N. P.* 1. *Rayner vs. Winn*, 3 *Bay.* 374. *Rahm vs. Phil. Bank*, 1 *Rawle*, 335. *Bank of N. A. vs. McKnight*, 1 *Yeates*, 147.

Of course, if no *demand* was necessary, no *protest* was.

The charter allows the Bank to take *six* per cent. in advance, on notes payable in *four* months, and seven per cent. in advance on notes payable in *eight* months. The act of March 3d, 1838, allowed her to take, on notes having less than four months to run, *six* per cent., and, on notes having four months, and less than eight months to run, seven per cent. The act of 10th Dec., 1838, changed the rate of interest to be charged by the State Bank, to *six* per cent., on notes payable four months after date and under, and seven per cent. on all payable over four months, and after eight from date, and repealed the first section of the act of March 3d, 1838.

The act of 10th Dec., 1838, *could* not affect the Real Estate Bank. The act of March 3d, 1838, was as much a contract with the Bank, as her charter. The privilege granted thereby, as to the rate of interest, could not, afterwards, be taken away. *New-Jersey vs. Wilson*, 7 *Cranch*, 164. *Terrett vs. Taylor*, 9 *Cranch*, 43. *Dartmouth College vs. Woodward*, 4 *Wheat.* 518. *Allen vs. McKeen*, 1 *Sumn.* 276.

No consideration was necessary for this grant of privilege. An executed gift or grant is a valid contract. *Dart. Col. vs. Woodward*, 4 *Cond. Rep.* 571.

It was a valid contract with an existing corporation. *ib.* 174.

The *implied* powers of a corporation are as much beyond legislative control as those expressly given. *People vs. Manhattan Co.*, 9 *Wend.* 393.

McKiel et al. *vs.* The Real Estate Bank.

It *did not* affect the Real Estate Bank. It was not intended to apply to her. She claims under the 6th section of the act of March, which refers to the *first*, and makes it a part of itself. The repeal of the *first* did not repeal the *sixth*. The first still existed, for purposes of reference. Besides, the act of December was only passed in reference to the State Bank. *Expressio unius, exclusio est alterius.* On *every* act professing to repeal or interfere with the provisions of a former law, it is a question of construction whether it operates as a total, or partial, or temporary repeal. The word " repeal" is not to be taken in an absolute, if it appear upon the whole act to be used in a limited sense. *Rex vs. Rogers,* 10 *East.* 573.

The objection that the damages exceed the amount laid in the declaration, is futile. The cause of action is a legal liability, certain and defined; and the damages, being the statute rate of interest, cannot be exceeded. It is utterly unimportant whether the damages are omitted altogether or laid too low: just as much so as the omission of John Doe and Richard Roe, pledges to prosecute. The declaration was amendable below, and will be considered as amended here. It is mere matter of form, and not reachable either on general demurrer or on error. *Ellitt vs. Smith,* 1 *Ala. N. S.* 84. *Boddie vs. Ely,* 3 *Stewart,* 182. *McWhorter vs. Standifer,* 2 *Porter,* 519.

*By the Court,* DICKINSON, J. In regard to the plea of usury, it constitutes no defence, in this instance, as the act of 3d March, 1838, authorizes the defendant in error to charge the same rate of interest as the Bank of the State; and the interest, in this case, was calculated according to the provisions of that act. The judgment upon the demurrer was, therefore, right. The Bank, being a public corporation, was not required to be proved; as the court was bound judicially to take notice of it. It was not necessary to prove demand at the place of payment, as has been ruled by the court, in the case of *Summer vs. Ford.*

Judgment affirmed.