**204**             CASES IN THE SUPREME COURT

Hammett vs. Little Rock & Napoleon R. R. Co.          [JANUARY

HAMMETT VS. LITTLE ROCK AND NAPOLEON RAILROAD COMPANY.

Where a suit is brought by a domestic corporation created by a public law, of which the courts take judicial notice, a plea of *nul tiel corporation* is bad on demurrer, or on motion to strike out; but if the statute creating the corporation require something to be performed as a condition precedent to its existence, the plea would be good, and the plaintiff must reply a performance.

The act to incorporate the Little Rock and Napoleon Railroad Company (*Acts of 1852, p. 202,*) is a public law, and created, *ipso facto et eo instanti,* a corporation.

In a suit by a corporation, it cannot be shown in defence, that the plaintiffs have forfeited their corporate rights by *misuser or non-user.*

*Error to Jefferson Circuit Court.*

Hon. THEODORIC F. SORRELLS, Circuit Judge.

WATKINS & GALLAGHER, for the plaintiff.

The plaintiff in error insists that the court below erred in sustaining the demurrer to the plea of nul tiel corporation.

Such a plea is always admissible in a suit by a private corporation. *Angell & Ames on Corp. sec.* 634, *et seq.* and cases cited.

The provision of the charter making the act evidence, etc., so far from dispensing with proof of its corporate existence, only shows it to be necessary by affording facilities for that purpose.

CUMMINS & GARLAND, for appellee.

A plea of nul tiel corporation here is bad on demurrer, for the existence of the company is bound by law to be known in all courts of justice. *See p.* 191, *sec.* 30, *Acts of Ark.* 1852–3, *and p.* 202; and a person by his subscription acknowledges the

existence of the company. *Angell & Ames on Corp.* 410, *sec.* 2, *et seq.* (2 *ed*); 21 *Verm.* 30; 13 *Metc.* 311; *American Railroad Cases*, 226, 422.

A person having stock in the company cannot object that there was no notice given, after they have been operating some time 16 *Mass.* 94; nor can he object that they are not acting according to law. Nor can he enquire into a violation of the charter thus, for misuser, non-user, etc., but by quo warranto— at least not by plea to a suit for his stock subscriptions. *Angell & Ames*, 606, *et seq.*

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

This was an action of assumpsit brought by the Little Rock and Napoleon Railroad Company, against John J. Hammett, in the Jefferson Circuit Court, August 27th, 1856.

The suit was for the recovery of calls due and in arrear upon $2,000 of the capital stock of the company subscribed by the defendant. The declaration sets out the subscription, the several calls made by the directors, notice thereof to defendant, and his failure to meet them, etc.

The defendant pleaded:

1. Non assumpsit.

2. Nul tiel corporation.

3. A special plea, alleging " that the persons named in the first section of the act entitled, An act to incorporate the Little Rock and Napoleon Railroad Company, approved 12th January, 1853, did not, nor did a majority of them, open books to receive subscriptions to the capital of said company, at such time and place, in the State of Arkansas and elsewhere, as they, or a majority of them might appoint, and give such notice of the time and place of opening books as they, or a majority of them might appoint, and deem reasonable; and receive such subscriptions under such regulations as they, or such majority of them, might draft for the purpose, as in and by said act was, and is required; and this the defendant is ready to verify, wherefore, etc.

4. A special plea alleging "that the persons named in the first section of the act, etc., aforesaid, did not, nor did a majority of them proceed to organize said company in manner and form as was and is by said act provided and required, wherefore the defendant says there is no such corporation as the said plaintiff, and no such corporation as in and by the said declaration supposed, and this he is ready to verify, wherefore," etc.

The plaintiff took issue to the first plea and demurred to the 2d, 3d and 4th. 'The court sustained the demurrer, there was a trial on the general issue, verdict and judgment for plaintiff; and defendant brought error.

In *McKiel et al. vs. The Real Estate Bank*, 4 *Ark.* 592, it was held that in a suit by the bank, it was not necessary to prove its corporate existence, under the general issue. That the bank being a public corporation, the court was bound judicially to take notice of its existence. See also *Aldermen & Council vs. Finley*, 5 *Eng.* R. 426.

*Mahoney et al. vs. The Bank of the State*, 4 *Ark.* 622, was a suit by the Bank upon a note. The defendant pleaded *nul tiel corporation*, to which a demurrer was sustained. This court, admitting the plea to be in good form, said that it properly raised the question whether the bank was a corporation or not, and treating the charter of the Bank as a public law, proceeded to determine that it created a corporation, and affirmed the judgment of the court below, sustaining a demurrer to the plea.

In *Underhill vs. The Bank of the State*, 1 *Eng.* 135, the defendant in the court below, plead *nul tiel corporation*, under the impression, it seems, that the effect of the liquidation act was to destroy the corporate existence of the Bank. A demurrer was sustained to the plea, and on writ of error this court looked into the act of liquidation, and decided that its effect was to abridge the powers, but not to destroy the existence of the corporation.

So in *Murphey vs. The Bank of the State*, 2 *Eng.* 57, this court held that a demurrer to the plea of nul tiel corporation

was properly sustained, because the bank was a corporation, as decided in previous cases.

The same practice was pursued in *Pickett vs. Trustees of R. E. Bank,* 3 *Eng.* 224; *Ferguson et al. vs. State Bank, Ib.* 416.

In *Conway B, et al. vs. Bank of the State,* 15 *Ark.* 51, the plea of *nul tiel corporation* was stricken out by the court below, and this court affirmed the judgment, citing the previous cases where demurrer had been sustained to the plea.

In a suit by a foreign corporation, the plea puts in issue the existence etc., of the corporation, and it must be proven. The courts cannot take judicial notice of its existence, as they do of domestic corporations created by public laws. *Gaines et al. vs. Bank Miss.* 7 *Eng.* 772; *Aldermen & Council etc., vs. Finley,* 5 *Eng.* 423.

It would seem from the foregoing decisions, that where a suit is brought by a domestic corporation, created by a public law, of which the courts take judicial notice, a plea of *nul tiel corporation* would be bad on demurrer, or on motion to strike out.

If, however, the statute does not *ipso facto* create the corporation *eo instanti,* but prescribes something to be done after its passage, as a condition precedent to the legal existence of the corporation, we suppose the plea would be good, and the plaintiff would have to reply to it, and prove that the thing was done, which the statute required to be done as a condition precedent to the coming into existence of the corporation. The *Proprietors etc. of Southold vs. Horton,* 6 *Hill,* 502; *Bank of Auburn vs. Aikin,* 18 *John. R.* 137.

The act to incorporate the Little Rock and Napoleon Railroad company (*Acts of* 1852 *p.* 202,) provides " That James Yell, James Smith, Thompson B. Flournoy, etc., etc., etc., and such other persons, etc., as may subscribe stock in said company, *be and the same are hereby incorporated,* to be known and distinguished as the *Little Rock and Napoleon Railroad Company,* and its domicil *is fixed* at Pine Bluff, and the capital stock of said company shall be fixed at two millions of dollars."

The second section of the act provides that the company shall have all the powers, privileges, immunities and benefits, granted by act of incorporation to the *Mississippi Valley Railroad Company*, and shall be subject to the same forfeitures and disabilities.

The third section provides that the said company, or a majority of them, shall have power to provide for the opening of the books for the reception of subscriptions for stock at such times and places as they, or a majority of them may determine, and to do any and all such things for the *Little Rock and Napoleon Railroad Company*, as the *Mississippi Valley Railroad Company* are authorized by act of incorporation to do, etc., etc.

The 30th section of the act to incorporate the *Mississippi Valley Railroad Company*, (*Acts of* 1852, *p.* 181,) declares " that this act shall be deemed and taken to be a public act, and construed liberally for the object herein set forth, and the regular organization of the company under the same, shall be presumed and considered as proved in all courts of justice," etc.

The act to incorporate the *Little Rock and Napoleon Railroad Company*, must, therefore, be treated as a public law, and we think it created *ipso facto et eo instanti* a corporation.

It prescribes nothing to be done as a condition precedent to the coming into existence of the corporation. *Mahoney et al. vs. The Bank of the State*, 4 *Ark.* 620; *Vermont Central Railroad Company vs. Cloyes*, 21 *Vermont R.* 36.

When a suit is brought by a corporation, as in this case, it cannot be shown in defence, that the plaintiffs have forfeited their corporate rights by *misuser* or *nonuser*. Advantage can be taken of such forfeiture only on process on behalf of the State, instituted directly against the corporation for the purpose of avoiding the charter or act of incorporation; and individuals cannot avail themselves of it in collateral suits, until it be judicially declared. *Angel & Ames on Corp. Sec.* 636.

It follows that the demurrer was properly sustained to the plea of *nul tiel corporation*.

The third and fourth pleas do not negative the performance

of any act which the statute required to be performed as a condition precedent to the coming into existence of the corporation, for we have seen that the statute required the performance of no such precedent act.

If the pleas intended to set up matters falling under the head of *misuser or nonuser*, we have seen that this could not be done in a suit by the corporation.

In any view, therefore, the pleas were bad.

The judgment is affirmed.