302      CASES IN THE SUPREME COURT

Memphis & St. Francis Plank Road Co. vs. Rives et al.     [MAY

Proof of the organization of a corporation by the election of the directors and officers, required by the charter, and that the company proceeded to exercise its corporate powers, is at least prima facie sufficient to show that the conditions precedent to its existence under the charter had been complied with.

As to questions which relate to the power of dealing, in a corporate capacity, with third persons, corporations must be limited by their respective charters; but as to those relating to their organization, a liberal construction is to be adopted: and so, where an amendment to a charter prescribed that the president should file, in the office of the Secretary of State, a declaration accepting the amendment, proof that an agent had filed such declaration, and that the act was ratified by the company, is sufficient.

*Appeal from Phillips Circuit Court.*

Hon. GEORGE W. BEAZLEY, Circuit Judge.

ALEXANDER, for the appellant.

The act of an agent ratified by the company makes it the act of the company; 12 *Barb. S. C. R.* 573; 17 *John Rep.* 60.

User under a charter is proof of the acceptance of the charter, and of the performance of all conditions precedent. *Ang. & Ames. on Corp. chap.* 2, *sec.* 3; 12 *Barb.* 573; 7 *Eng. Rep.* 769.

FOWLER & STILLWELL, for appellees.

The corporation could have no legal existence until all the requirements of the statute had been complied with. *Angell & Ames on Corp. sec.* 83; 10 *Wend.* 266; 19 *John Rep.* 300.

The act amending the charter must be accepted by the officer and in the manner designated by the Legislature. *Bank of Augusta vs. Early,* 13 *Pet. S. C. Rep.* 587; 4 *Hill (N. Y.) Rep.* 447; 4 *Barb. S. C. Rep.* 130; *Ang. & Ames on Corp. sec.* 253.

Mr. Justice COMPTON delivered the opinion of the Court.

The Memphis and St. Francis Plank Road Company declared against the appellees in an action on the case for disturbance of their franchises.

The appellees pleaded, 1st. Not guilty; and 2d. *Nul tiel corporation.* On issue joined, a trial was had, and the verdict and judgment were for the appellees.

To maintain the action, the appellant, after reading in evidence the act of incorporation, approved January 10th, 1851, and an act amendatory thereof, approved January 4th, 1853, and proving by parol testimony—which was not objected to— the organization of the company, offered to prove the appointment of an agent, by the board of directors, to solicit the passage, by the Legislature, of the act of January 4th, 1853, also, the filing in the office of the Secretary of State, the declaratory statement of said agent, accepting in behalf of the company, said act as an amendment to their charter, and also the subsequent proceedings of the board of directors, ratifying and adopting all that their agent had done in the premises; but the court excluded the evidence and the appellant excepted.

The appellant then offered to prove the appointment of certain commissioners, pursuant to the provisions of the amended charter, whose duty it was to view said road and make report in respect thereof, as also the report of the commissioners in that behalf; but the court refused to permit the evidence to be read to the jury, and the appellant excepted.

The appellant then offered to prove the construction of the road, the erection of toll gates thereon, the collection of toll, and other acts of user under the amended charter, the value of the road, the amount of toll received annually, and, also, acts of interference with the road by the appellees—all which the court excluded, and the appellant excepted.

For the appellees it is insisted in argument here—1st. That all the evidence offered and rejected, was inadmissible, because the statute creating the corporation in this case, required certain acts to be done before the corporation could be considered *in esse*, and no evidence being introduced or offered to prove that those acts had been performed, that therefore the corporation had no existence. 2d. That so much of the evidence as relates to the acts of the company, alleged to have been done under the amendment to the charter, was inadmissible, because the amendment was not accepted by the company.

1. It has been decided by this court in *Hammett vs. Little Rock & Napoleon R. R. Co.*, 20 *Ark.* 204; that where the statute creating a corporation prescribes something to be done after the passage as a condition precedent to the legal existence of the corporation, the thing thus required must be performed, otherwise the corporation has no existence; and of this character is the act incorporating the appellant.

It required that books of subscription should be opened at different places; and that when the sum of $50,000 should be subscribed, the central board of commissioners were required to call a meeting of the stockholders, who should elect, from among their number, nine directors, who, when so elected, should choose a president from among themselves, etc.; and the 9th section provided, that when so organized, the com-

pany should be capable of suing and being sued, and of doing all and every thing, which it would be lawful for any corporation or body politic to do, etc. *Pamphlet Acts*, 1850, *p.* 287. The organization of the company was proven by the deposition of the witness, Kay, who stated that he was present when the directors and officers, required by the charter, were elected, and that the company then proceeded to construct the road. This was at least *prima facie* sufficient to show that the previous requisitions of the statute had been complied with, and that the corporation then had an existence. *Wood vs. Jefferson co. Bank*, 9 *Wend.* 194; *Duke vs. Cahawba Navigation Co.*, 10 *Ala.* 82.

2. By the 7th section of the amendatory act, it was provided, that before the act should take effect, the president of the company should file in the office of the Secretary of State, a declaration in writing, acquiescing in the act, and recognizing a liability on the part of the company, faithfully to comply with all its provisions, and also, with those of the act to which it was a supplement. *Pamp. Acts*, 1853, *page* 65. We have seen that it was offered to be shown in evidence, that the written declaration here provided for, was made and filed by an agent of the company, whose acts in that behalf were afterwards ratified. This was a substantial compliance with the statute, and the law, in such cases, requires nothing more than a *substantial* compliance. The intention of the Legislature was that the company should accept the amendment to the charter, in such manner as that the evidence of acceptance might be safely kept and easily obtained, if needed. The acceptance was the essence of the thing required to be done, and the mode of acceptance was merely directory. As to questions which relate to the power of dealing in a corporate capacity, with third persons, corporations must be limited by their respective charters; but as to those relating to the mere manner of getting into oporation—of becoming prepared to act—a liberal construction is to be adop-

ted. *Judah vs. The American Life Stock Insurance Co.*, 4 *Ind.* 333; *Cross vs. Pinckneyville Mill Co.*, 17 *Illi.* 56.

The result is, that the court erred in excluding the evidence offered by the appellant. The judgment must, therefore, be reversed and the cause remanded for further proceedings.