M., O. & R. R. R. R. Co. vs. MAYOR, ETC. OF CAMDEN.

The subscription of a municipal corporation to the capital stock of a railroad company, unless authorized by legislative authority, is not valid and binding on the corporation.

OF THE STATE OF ARKANSAS. **301**

TERM, 1861.]    M., O. & R. R. R. R. Co. vs. Mayor, etc. of Camden.

*Appeal from Ouachita Circuit Court.*

Hon. Len B. Green, Circuit Judge.

Gallagher, and Knight, for the appellant.

On the main question—the question of authority in the city by virtue of her general powers under her charter as a municipal corporation—it is stated, in *Pierce on Am. R. R. Law, p.* 108, that by virtue of their ordinary powers, and without special legislative authority, the competency of municipal corporations to contribute to such enterprises as those in which the plaintiffs were engaged, cannot be sustained; but he adds, that this question has not as yet been the subject of judicial examination; and he further adds, in note 3, but in *Talbot vs. Dent,* 9 *B. Mon.* 537, it is said that a city might contribute its surplus funds—such subscriptions being within the local purposes of a municipal corporation, as tending to promote its prosperity. But that question is not legitimately raised in this case: the declaration sets forth a good cause of action on demurrer; and the defence relied upon ought to be interposed by plea.

Farrelly & Finley, for appellees.

A corporation does not possess the incidental privilege or power to subscribe for stock in another corporation, and such subscription is illegal and void, unless authorized by the charter, or other special legislative enactment. See *Dartmouth College vs. Woodard,* 4 *Wheat.* 626; *Head & Armory vs. Providence Insurance Co.,* 1 *Curtis*; 2 *Cranch,* 127; 15 *John. Rep.,* 358.

Mr. Justice Fairchild delivered the opinion of the court.

The defendants, the mayor and aldermen of the city of Camden, are charged in the declaration, preferred by the Mississippi, Ouachita and Red River Railroad Company, with having subscribed two hundred shares, of one hundred dollars each, to the capital stock of the company, by virtue of which they became liable to pay calls or installments on their subscription; that the

**302**     CASES IN THE SUPREME COURT

M. O. & R. R. R. R. Co., vs. Mayor, etc., of Camden.     [JANUARY

company, pursuant to their charter, and to ordinances and conditions of the subscription, have made various calls for payment upon stock subscriptions; that the installments and interest due from the defendants on the calls made upon their subscription amounted, on the first of February, 1858, to eighteen thousand, four hundred and twenty-seven dollars, which the defendants had failed to pay. This suit, an action of assumpsit, is brought to enforce the payment of this sum. The case is brought here by the railroad company, to obtain a reversal of the judgment of the Circuit Court that sustained the demurrer by which the declaration was met, in which demurrer various defects of pleading are urged; but we shall confine our opinion to two of the specified causes of demurrer, one alleging that the subscription of stock was unauthorized by the charter of Camden, and the other, that the subscription is illegal and void. And passing by the form of the first objection, which seems rather to interpose a fact in bar of the suit, than to assign the want of alleging the fact as a fault in the declaration, we shall consider the two specifications as raising the proposition, that the stock subscription of Camden to the Mississippi, Ouachita and Red River Railroad Company is illegal, because the municipal corporation had no power to make such subscription.

And this is a conclusion that results from the character of a corporation.

A corporation "having been created for a specific purpose, not only can make no contract forbidden by its charter, which is, as it were, the law of its nature, but in general can make no contract which is not necessary, either directly or indirectly, to enable it to answer that purpose." *Angell & Ames on Corporations, sec.* 256. "A corporation must act within the limits of its delegated authority, and cannot go beyond it." *Mayor of Baltimore vs. Hughes,* 1 *Gill & John.* 495. "In the State of Tennessee, a corporation is the creature of the legislative department of the government; it exists solely and alone by virtue of its act of incorporation, and it can exercise no powers but such as are expressly granted to it, and such as are the result

of necessary and proper implication." *Nichol vs. Mayor of Nashville,* 9 *Humph.* 261. Also, *Memphis and St. Francis Plank Road Company vs. Reeves,* 21 *Ark.,* 305.

We have looked attentively through the charter of Camden, and the amendatory acts, and can find nothing, and have been referred to no act that authorizes such a contract as the alleged subscription of stock by the mayor of Camden. The second section of the charter of the plaintiff contains no such authority. For although it declares the company to " be composed of such persons, corporations, states, counties and cities as may subscribe to stock in said company, and comply" with the provisions of the charter and regulations adopted under it, no authority is thereby given to cities to make other contracts than they could make without the charter. We therefore adopt the language which the Supreme Court of Alabama used in a case much stronger against the city council of Montgomery, than this one is against the corporation of Camden: " Looking into the charter of the city of Montgomery, and its amendment, we find no express authority to enter into the contract declared ; neither is the exercise of such power necessary to carry into effect any of the expressly granted powers; nor was the exercise of the power under consideration a necessary means of effecting the purpose for which this corporation was created." *City Council of Montgomery vs. Montgomery and Wetumpka Plank Road Co.,* 31 *Ala.* 83. The law restricting the power of corporations is of such an elementary character, and so generally understood that this is the first case of which we are informed, where such a contract as the one charged in this case has been the subject of decision in an appellate court. A writer under the date of August, 1857, affirms that no such case has been the subject of judicial examination, and we have not been able to find any since reported. The same writer, treating of the validity of subscriptions to railroad stock by cities and municipal corporations generally, says that "Their competency, by virtue of their ordinary powers, and without special

**304**     CASES IN THE SUPREME COURT

legislative authority to contribute to such enterprises, cannot be sustained." *Pierce on Am. Railroad Law*, 168.

On the other hand, it has been strongly contested that such subscriptions cannot be authorized or confirmed by legislative authority and sanction. The affirmative of this has been fully established, by a series of able decisions, but in *Godden vs. Crump*, 8 *Leigh*, 150; *Slack vs. Maysville & Lexington Railroad Company*, 13 *B. M.*, 39; *Shurpless vs. Mayor of Philadelphia*, 21 *Penn. State Rep.* 188; *Moses vs. Reading*, *ib.* 203, which we have examined, there were dissenting opinions, and the same is reported of *Griffith vs. Ohio & Ind. R. R. Co.*, 20 *Ohio* 622; which we have not seen. 2 *Am. Railroad Cases*, 64. Great efforts have been obliged to be made to uphold subscriptions of cities to the capital stock of railroads, even when authorized or ratified by legislative authority, and that in many instances supported by a popular vote ; but the parties to this suit seem to be the first to have made a contest upon unauthorized subscriptions of this sort.

We affirm the judgment of the Circuit Court in sustaining the demurrer.