Miller et al. vs. The State.

---

MILLER et al. vs. THE STATE.

1. PLEADING AND PRACTICE: *Appearance: What constitutes.*
   The filing of a demurrer, consenting to a continuance, and on overruling the demurrer obtaining leave to answer, are substantive acts constituting an appearance.

2. CRIMINAL PRACTICE: *Forfeited bail bond: No pleadings on by state.*
   No pleadings are required from the state on forfeited bail bonds. A summons issues upon the forfeiture, as in civil actions, which, if fatally defective, is not subject to demurrer, but may be quashed on motion. Matters in defense on the merits may be set up by answer as in civil actions.

APPEAL from *Scott* Circuit Court.

Hon. J. H. ROGERS, Circuit Judge.

*Henderson, Attorney General*, for appellee.

Miller et al. vs. The. State.

ENGLISH, C. J. It appears from the transcript in this case, that on the seventeenth of August, 1877, John H. Cockram, being in custody before a justice of the peace of Scott county, charged with a criminal offense, R. L. Miller, B. J. F. Trotter, F. M. Awalt and Thomas Davenport executed a bail bond for his appearance at the next term of the circuit court of that county.

At the appearance term, Cockram made default; a forfeiture was entered upon the bond; a capias ordered for him, and a summons upon the forfeiture, to his sureties.

At the return term, June, 1878, the sureties in the bail bond entered a demurrer, in short, to the *scire facias*, and the cause was, by consent of parties, continued. At the following November term the demurrer was overruled, and defendants asked and were granted leave to answer, but failing to do so, final judgment was rendered against them at the same term for $1,000, the penalty of the bail bond, and they afterwards obtained grant of appeal by the clerk of this court.

No brief has been filed for appellants, and on what ground the appeal was taken, does not appear.

The bail bond appears to be substantially in good form, and the forfeiture seems to have been regularly entered.

The summons issued upon the forfeiture is not in the transcript, but the judgment entry recites that it appears to the court that it had been duly served and returned.

Moreover, appellants entered a demurrer; consented to a continuance, and on the overruling of the demurrer, asked and obtained leave to answer, but failed to do so. These were substantive acts constituting an appearance.

1. PLEADING AND PRACTICE: Appearance: What constitutes

Under the former practice a *scire facias* upon forfeiture of a bail bond answered the purpose of both declaration and writ, and if it failed to allege facts sufficient to consti-

tute a cause of action, would not sustain a judgment by default. See cases cited in *Rose's Digest*, title *Scire Facias*.

*2 CRIMINAL PLEADING: None on forfeited bail bonds.* Now no pleadings are required on the part of the state, but a summons is issued upon the forfeiture, as in a civil suit (*Gantt's Dig., sec. 1743*), which is not the subject of demurrer (*Ullery v. Town of Fort Smith, ante*), but might be quashed on motion, if fatally defective under the liberal rules of amendment applicable to writs in other civil suits. Matters of defense to the merits may be set up by answer, as in other actions.

Finding no substantial error in the record, the judgment must be affirmed.