SHORTER UNIVERSITY *v.* FRANKLIN.

Opinion delivered June 10, 1905.

1. APPEAL—FAILURE TO ABSTRACT INSTRUCTIONS AND EVIDENCE.—Where the instructions of the court and the material parts of the testimony are not set out in appellant's abstract, as required by Rule IX., the court will not explore the transcript for errors, but will presume that the court properly instructed the jury, and that the evidence sustained the verdict. (Page 571.)

2. VERDICT—IRREGULARITY CURED BY, WHEN.—Where a case was tried and a verdict rendered upon the theory that appellant was the real defendant, and the jury so found, the objection that it was not the real defendant cannot be subsequently raised. (Page 572.)

Appeal from Pulaski Circuit Court.

EDWARD W. WINFIELD, Judge.

Affirmed.

*John Barrow,* for appellant.

*Maloney & Maloney,* for appellee.

The finding of the jury will not be disturbed where there is evidence to support it. 57 Ark. 577; 25 Ark. 474; 31 Ark. 163; 23 Ark. 131. The question of service cannot be raised here for the first time. 35 Ark. 95; 38 Ark. 102; 25 Ark. 164; 33 Ark. 107; 14 Ark. 235. A defective complaint will be considered as amended where both parties without objection directed their evidence to the same issue. 54 Ark. 289; 59 Ark. 215. The court had power to amend the judgment. Kirby's Dig. § 6145; 32 Ark. 612; 39 Ark. 337; 25 Ark. 212.

HILL, C. J. This is a cause originating in justice of the peace court, and, after trial on appeal in circuit court, is brought here. The contest seems to have been whether a grocery bill of $54.95 was properly charged to Shorter University or to one W. C. Cox, the manager of the boarding department of the university. The appellant has wholly failed to set forth "the

material parts of the pleadings, proceedings, facts and documents upon which he relies, together with such other statements from the record as are necessary to a full understanding of all questions presented to the court for decision," as required by Rule IX. None of the instructions are set out, and therefore the court must assume that the jury was correctly instructed. *Koch* v. *Kimberling,* 55 Ark. 547; *Carpenter* v. *Hammer, ante,* p. 347.

The appellant contends that there is no proof to show that Shorter University agreed or undertook to pay this bill, and then says: "By reference to the testimony of T. H. Jackson (see Tr. p. 59) and the testimony of J. W. Walker (see Tr. p. 67), etc., it is conclusively shown," etc. This is what Mr. Justice Mansfield described in this language: "And content themselves with a mere reference to it (the testimony) by way of insisting upon its insufficiency." The court added: "The rules of practice do not make it our duty to explore the transcript for the evidence thus omitted." *Ruble* v. *Helm,* 57 Ark. 304. To properly understand the case, each of the five judges of this court would have to take turn about in exploring the transcript to discover the facts of the case. The rule was promulgated twenty years ago to obviate that slow and tedious method of trial in this court. For a recent discussion of the proper office of the abstract and transcript, reference is made to *Neal* v. *Brandon,* 74 Ark. 320.

The judgment seems to have been first rendered against T. H. Jackson as superintendent of Shorter University, and afterwards, on motion, which was resisted, amended so as to be rendered against the corporation. It was in the province of the circuit court to amend its record, and, in the absence of evidence showing error, it will be presumed to be correct. The appellee has set forth the substance of some of the evidence, and from it and the appellant's argument of its force it appears that the circuit court arrived at the right conclusion in the case.

The judgment is affirmed.

ON REHEARING.

Opinion delivered July 22, 1905.

*John Barrow,* for appellant.

The circuit court had no jurisdiction, and it was error to permit a substitution of new parties after judgment. 59 Ark. 583; 39 Ark. 347; 28 Ark. 261; 32 Ark. 17; 5 Ark. 517; 62 Ark. 144. Appellees failed to establish a cause of action against appellant. 62 Ark. 33; 2 Am. & Eng. Enc. Law, 855. The acts of its officers are not binding upon the corporations, unless they are within the scope of their powers. 21 Ark. 302; 23 Ark. 300; 70 Ark. 232.

*Maloney & Maloney,* for appellees.

An appearance waives any defect or want of service. 35 Ark. 95, 109; 25 Ark. 164; 33 Ark. 107; 14 Ark. 225; 38 Ark. 102; 48 Ark. 151; 56 Ark. 45; 58 Ark. 181. Any substantive acts of counsel constitute an appearance. 35 Ark. 276; 45 Ark. 545. There was evidence to support the verdict of the jury. 57 Ark. 577; 31 Ark. 163; 25 Ark. 476.

HILL, C. J. On petition for rehearing the appellant has filed an abstract, and presented anew the questions raised on the hearing. The case should be affirmed on the merits, as well as for the reasons heretofore given. The principal contention is that the court erred in amending the judgment so as to make it against Shorter University, instead of T. H. Jackson, superintendent of Shorter University. The account on which the suit was instituted was against Shorter University, but the summons ran to T. H Jackson, superintendent of Shorter University. The University took a change of venue from one justice's court to another, and on the trial in the circuit court the evidence was solely on the issue whether the University was the debtor, or whether one Cox, superintendent of the boarding department, was the debtor. This issue was sent to the jury on instructions given at the instance of the attorney of the University precluding a recovery against it unless the evidence showed the goods were purchased under

authority of the board of trustees.    The question that the University was not the real defendant was not raised until after verdict. The court properly found on the facts that the University had appeared.    There is a conflict in the evidence on the authority of Cox; that has gone to the jury under instructions drawn by appellant's counsel, and the verdict has settled it.    The motion is overruled.

### Opinion delivered June 10, 1905.