## PRICE, GUARDIAN, ETC., v. PETERSON.

1. GUARDIAN: *Liability to account; Jurisdiction of Probate Court.*
   Upon the death or marriage of a female ward, the powers of her guardian may cease, but not his obligations to account for her estate; and the Probate Court has power to compel him to do so.

2. SAME: *Power of Probate Court to compound interest.*
   The Statute, *Gantt's Digest, secs. 4277, 4283,* has no application to cases in which fiduciaries upon equitable principles become chargeable with compound interest; and Probate Courts have the same discretion to compound interest, as to fiduciaries under their supervision, as appertains to a Chancellor.

APPEAL from *White* Circuit Court.
Hon. J. N. CYPERT, Circuit Judge.

*Coody,* for appellant:

1.  It was wrong to compound interest. *Gantt's Digest,* secs. 4277 and 4283; 21 *Ark.,* 182; 22 *Ib.,* 2.

2.  Probate court had no jurisdiction. Avery Peterson was married, and the guardianship ceased. *Gantt's Digest, sec.* 3094. What jurisdiction had the probate court after the guardianship ceased?

Price, Guardian, etc., v. Peterson.

*J. W. House*, for appellee:

The interest should have been at ten per cent. and no commissions allowed. *Gantt's Digest*, sec. 3076; 23 *Ark.*, 47.

The interest was properly compounded. *Gantt's Digest*, secs. 3076, 3090; 8 *American Decisions*, 679; *Lay* v. *Barns*, 7 *Ib.*, 507; *Schieffelin* v. *Stewart*, 16 *Ib.*, 643; *Teague* v. *Durdy*.

EAKIN, J. Upon citation from the probate court of White county, at the instance of Avery Peterson (formerly Price), the appellant, F. R. Price, came in and filed for final settlement his account as guardian of said Avery. The probate court, upon exceptions, adjusted the account, finding a balance against the guardian. He appealed to the Circuit Court, where the account was restated by a special auditor, under the directions of the court, charging the guardian with compound interest, at six per cent. upon all moneys which came into his hands, allowing credits from time to time, and making annual rests. Judgment for the balance was rendered, and the guardian appeals here.

We cannot think the counsel for appellant serious in urging that a guardian cannot be called upon for a settlement in the probate court after his guardianship ceases by the death or marriage of his ward. His powers may cease, but not his obligations, with regard to the trust, especially the obligation of showing how he has discharged it, and what remains in his hands. The probate court has jurisdiction to compel him to do so, and is the appropriate original tribunal for the purpose. He is not called by the citation to exercise any power, but to render an account of what he has done, and to do and be done by, with regard to what he

1. GUARDIAN: Liability to account: Jurisdiction of Probate Court

has or should have in hands, as the court may direct. (*Const.*, *art. VII.*, *sec.* 34; *Gantt's Dig.*, sec. 3094.)

2. SAME: Objection is also made to the mode of computing interest, Probate as it allows annual rests, or, in other words, compounds the Court may compound interest. It is urged that it should have been computed as prescribed by the Statute in ordinary cases of delayed debts. This ignores the whole duty of the guardian, and the principles which, in equity, govern the administraton of trusts. Courts of probate in making settlements with those fiduciaries whom they control, apply equitable as well as strictly legal rules, to do complete justice. It would make great confusion and uncertainty if settlements made on strictly legal principles were to be left still open to readjustments in Chancery. Upon the other hand, if all such settlements, involving equitable principles, were required to be in the first instance, lifted into Chancery, a great part of the constitutional jurisdiction of the probate courts would be taken away. The Statute referred to has no application to those cases in which fiduciaries, upon equitable principles, become chargeable with compound interest; and the probate courts within their proper ambit, have the same discretion in this regard as appertains to a Chancellor, always, of course, subject to correction for abuse.

It is usual, and quite necessary, sometimes, in equity, to inflict compound interest upon trustees, not so much for punishment, but that the beneficiaries may receive that, which in justice, they should, and which they most probably would have received if the trustee had been reasonably attentive and faithful. Where no account can be taken of profits which have been made by a trustee, or which might have accrued from good faith and due care, it is the best means of enforcing, approximately, the more general, and all pervading principle, that trustees may not derive any personal

benefit through their relation to and powers over the trust fund.

Ordinarily trustees are chargeable with simple interest alone when chargeable with any, but in cases of gross negligence or abuse of trust, where necessary to protect the interests of *cestuis que trust*, courts of equity, both in England and America, have been used to compel settlements with rests; and this seems to be more equitable in cases like the present, where the Statute makes it the duty of the trustee to so invest, as that interest may, at stated periods begin to bear interest.

In the case in judgment the guardian had retained funds many years in his hands without any annual settlement or report to the court. He never made any settlement at all, until called by the citation, and was recalcitrant as to that; denying the jurisdiction of the court to require him to make it, because his ward had married and he was no longer guardian. We do not think the court transcended its power or abused its discretion in ordering the account to be taken with annual rests, and in compounding interest. We would not have thought so, if the rate had been even higher, if there had been proof that the guardian might have obtained better rates upon such securities, as the Statute provides.

He had been guardian for about eleven years. During a great part of that time the act of April 22nd, 1873, was in force, distinctly defining his duties. He should have annually reported to the probate court all money on hand, and should have loaned it at the highest rate of interest which could be got upon the prescribed security. But he insists that he should not now be chargeable with compound interest, or indeed any interest, because the ward had for a long time seemingly acquiesced in his failure to make settlements. For this, counsel cites *Brinkley* v. *Willis*, 22 *Ark.*, 1. But this case is an authority expressly to the point

62–38

that the rule cannot be applied to an infant not competent to sue—*sui juris.*

The guardian, under the circumstances, seems to have been dealt with very kindly by the court, for reasons doubt-less not apparent in the record. He was allowed full com-missions at 10 per cent., besides being held only to account for interest at six.

Affirm the judgment.