HOWARD *v.* MANNING.

Opinion delivered March 12, 1898.

ADMINISTRATION—INTEREST.—It is error to direct an auditor, in stating the account of an administrator, to charge him arbitrarily with interest at 10 per cent. on all moneys received by him from ten days after receipt thereof, without any investigation as to whether it was just and reasonable to do so. (Page 124.)

Appeal from Yell Circuit Court, Dardanelle District.

JEREMIAH G. WALLACE, Judge.

*J. M. Parker* and *Rose, Hemingway & Rose,* for appellant.

It is only in cases where the administrator improperly permits funds in his hands to lie idle, or uses them for his own profit, that he is chargeable with interest. 2 Woerner, Adm. § 511; Perry, Trusts, § 468. An administrator can make payments only when so ordered by probate court. He is not required to pay out all moneys within ten days. Sand. & H. Dig., § 154, 155. If the administrator was chargeable with interest at all, it should be at the rate of 6 per cent per annum. 1 Suth. Dam. 128. The case should be remanded. 52 Ark. 283; 58 *id.* 298.

*M. J. Manning,* for appellee.

The administrator having injured the estate by his inaction, he is chargeable with interest. 50 Ark. 223, 224. The burden is on the administrator to exonerate himself. 20 Ark. 523; 36 Ark. 402, 403. Failure of an administrator to charge himself with interest on interest-bearing notes justifies the court in ordering a re-statement of the accounts. 30 Ark. 68. There being no bill of exceptions, the presumption is in favor of the judgment of the court. 44 Ark. 74. Depositions not incorporated in the bill of exceptions will not be considered in this court. 36 Ark. 262; 47 Ark. 230.

HUGHES, J. The appellant, as administrator of the estate of Richard Hood, deceased, filed his second annual settlement

of said estate in the probate court of Yell county. The appellee filed exceptions thereto, which were by the court overruled, and the account was confirmed by the probate court. Manning appealed to the circuit court. After hearing part of the evidence in the case, the circuit court referred the account to an auditor to be stated, with directions to charge the administrator with ten per cent. per annum interest upon all moneys received by him as administrator, commencing ten days after its receipt to compute the interest, and to credit the administrator with interest at the same rate on all sums paid out by him from the time the same was paid out. The auditor made the statement accordingly, charging and crediting interest as directed, and made his report to the court, which was approved and confirmed by the court, overruling all exceptions thereto, except one item of twenty-four dollars.

The appellant excepted to the order referring the account to an auditor, and to the direction to the auditor to charge interest as aforesaid, and his exceptions were overruled. He also filed exceptions to many items in the auditor's report, among them an exception to charging the interest as charged as aforesaid. The court overruled the exceptions to the report, except as to the item of $24, and directed the auditor to restate the account, leaving out said item, which was done accordingly, and the court thereupon approved and confirmed the said report, to which the administrator excepted, and appealed to this court.

Much evidence seems to have been heard by the auditor in stating the account, and by the court in considering the exceptions to his report, but none of it is preserved in a bill of exceptions, and we cannot know what it was. It is not presented for our consideration. But the order of the court in regard to the interest appears in the record, and is a part of it. The question is presented, therefore, whether there is error in this order, and in confirming the auditor's report in charging interest at the rate and for the time as charged, in accordance with the directions of said order. It seems that this order directing the auditor to charge interest at the rate of ten per cent. per annum from ten days after the accruing of each item of the account was made *in limine*, without investigation, and was arbitrary, and that the

auditor was left no power or discretion in the premises to do otherwise than obey the direction of the order, regardless of what might appear if he had been permitted to ascertain by evidence whether it was just and equitable so to charge the interest at the highest conventional rate from the time the order directed him to compute it.

Sandels & Hill's Digest provides:

"Sec. 103. If, on the return of any inventory, or at any other time, it shall appear to the satisfaction of the court that there is a surplus of money in the hands of any executor or administrator that will not shortly be required for the expenses of administration or the payment of debts; such court shall have discretionary power to order the executor or administrator to lend out such money on such time and such security as may be approved by the court."

"Sec. 104. All interest received by executors and administrators shall be assets in their hands; and if they lend the money of the deceased or use it for their private purposes, they shall be charged with interest thereon for the use of the estate."

"Sec. 105. The court shall exercise equitable control in making executors and administrators accountable for interest accruing to the estate on account of money loaned by them belonging to the estate, or otherwise, and for that purpose may take testimony or examine the executor or administrator on oath."

The probate court has the same power and discretion to compound interest as to fiduciaries under the supervision of the court as a chancellor has. *Price* v. *Peterson*, 38 Ark. 494.

The Missouri statute making executors and administrators liable for interest, and in regard to the discretionary power of the court in fixing the rate, etc., is, if not exactly, substantially the same as ours above quoted. The supreme court of Missouri, in a well considered opinion, in *Cruce* v. *Cruce*, 81 Mo. 683, says: "In *Hollister* v. *Barkley*, 11 N. H. 511, Chief Justice Parker remarks: 'Such interest is allowed in equity as is just and reasonable. N. Y. Ch. Rules, 79. And it is just and reasonable to allow interest on all sums which are due and payable, or from the time there should be a rest in the accounts.' * * * A trustee is accountable for all interest or

profits actually received by him from the trust fund, whether used in his private business or otherwise employed ,by him.    *    *    *    He is, at all events, accountable for such interest or profits as he might have obtained by the exercise of reasonable skill and exertion in the management of the fund, whenever the character of his trust or the relation which he holds to the fund requires him to make it productive.   In all such cases he is, at least, accountable for such gains and profits, although the actual gains and profits may be less.    *    *    *    The burden of accounting for the. actual gains and profits rests on the trustee.    Perry on Trusts, § 471; *Jones* v. *Foxall,* 15 Beav. 388.   If he fails or refuses to. furnish evidence of them, he invites the rule which shall most nearly approximate his actual gains, and leaves no advantage or benefit to him by reason of his silence or refusal.    *    *    *    Where a trustee uses in his private business the trust fund, he is *prima facie* liable, at least, for the legal rate of interest for the use of money.   *Jones* v. *Foxall,* 15 Beav. 388; *Rocke* v. *Hart,* 11 Vesey, 58; *Newton* v. *Bennet,* 1 Bro. Ch. side p. 362; *Williams* v. *Powell,* 15 Beav. 461.   By legal rate, I allude to that rate which the law attributes to contracts, in the absence of stipulation upon the subject.   Where it appears in proof that a higher rate could easily be obtained, the trustee should be accountable for such higher rate, always, of course, within the rates permitted by law.   *Frost* v. *Winston,* 32 Mo. 489."

It is said in *Cruce* v. *Cruce,* 81 Mo. 683, that the practice in equity of charging trustees with interest is unfortunately by no means uniform, that "there never was an absolute rule governing the rate of interest or the liability to pay compound interest."   *Barney* v. *Saunders,* 16 How. 542; *Fox* v. *Wilcocks* 1 Binney, 194; *Hook* v. *Payne,* 14 Wall. 252.

If an administrator negligently permits funds of the estate to lie idle, instead of applying them to the payment of debts or other liabilities of the estate, or, where that cannot be done, investing them safely, so as to yield interest for the estate, he is liable to be charged with interest at the usual rate, or at such rate as he might by reasonable skill and diligence have obtained, commencing from the time when the payment ought to

have been made. Woerner's Am. Law of Administration, § 511, and cases cited.

An administrator collecting money for an estate should report the same to the probate court as early as practicable, that the court may order it loaned out if it will not shortly be needed to pay expenses of administration or debts of the estate.

It was error to charge the administrator arbitrarily with interest at ten per cent., the highest legal rate, from ten days after it was received by him, without it appeared upon investigation that it was just and reasonable to do so; and for this error the judgment herein must be reversed and remanded for a new trial as to the order pertaining to interest, in accordance with the principle herein laid down.

As to other matters than the interest charges, the case must be affirmed, as there was much evidence taken in regard to them which is not presented by bill of exceptions, and we must therefore presume that as to these the judgment of the court is correct. Affirmed as to all matters except the order directing the auditor to charge interest at ten per cent. per annum on all sums received by him from the date of their receipt and the confirming of the auditor's report as to this, as to which the judgment is reversed, and the cause is remanded for a new trial.