BEAVERS *v.* SECURITY MUTUAL INSURANCE COMPANY.

Opinion delivered June 24, 1905.

1. APPEAL—SUFFICIENCY OF ABSTRACT.—Under rule 9 appellant is required to abstract the entire case, so far as it is material to the issues raised on appeal, and not merely the testimony relied upon to sustain his version of the case; and, in case of a difference of opinion as to what is necessary to a determination of the issues the appellee may abstract such further matters as he sees proper. (Page 139.)

2. SAME—REVIEW OF INSTRUCTIONS.—The substance of the evidence is always material in testing the instructions; and if it is not set out, the only question before the court is whether any facts would justify them. (Page 140.)

Appeal from Yell Circuit Court.

WILLIAM L. MOOSE, Judge.

Motion to dismiss overruled.

*R. C. Bullock,* for appellant.

*Murphy & Mehaffy,* for appellee.

HILL, C. J.   This case is set for July 10, and appellant filed abstract and brief in apt time, and the appellee, instead of filing its abstract and brief, has invoked the ruling of the court on the sufficiency of the abstract of appellant in a motion to dismiss for noncompliance with Rule IX.

The court cannot take time to read the record and briefs in advance of submission to settle questions determinable in the trial, and confines its ruling to the matters appearing in the motion and response thereto.  The appellee says that five witnesses testified for appellant on material issues, and nineteen testified on behalf of appellee, and that the testimony is material and bearing on the issues, and that brought out by appellee on cross-examination of appellant's witnesses goes to sustain the verdict and justify the instructions, and that appellant omits this testimony and all reference to it, except an excerpt from appellant's testimony.  The appellant responds that he has abstracted the pleadings and all other matters in the record necessary to a full understanding of all questions presented to the court.  It appears that the instructions of the trial court are the matters here complained of, and appellant, having set them forth fully, says this testimony is immaterial, and most of it was brought out by appellee, and that it is its duty to abstract its own testimony under the rule.   In this appellant is mistaken. He must abstract the entire case, so far as it is material to the issues raised on appeal, and the rules do not contemplate that each side abstract its own version of the case, but that the appellant abstract all that is necessary.  In case of difference of opinion as to what is necessary to a full determination of the issues presented, the appellee can abstract such further matters as he sees proper.

The substance of the evidence is always material in testing the instructions; and if it is not set out, then the only question on the instructions before the court is whether any facts would justify the instructions. It does not by any means follow that the appellant must set out all of a vast volume of testimony. On the contrary, the rules contemplate an abridgment of it, except when its sufficiency is raised; but it is necessary to set out the substance of all matters to which testimony was adduced in order to properly determine whether the instructions are correct. If counsel regards this testimony as immaterial, he can dispose of it in a very short way by stating that evidence was adduced tending to prove certain facts, and give appropriate references to the witnesses and the pages of the record where such testimony may be found. Then, if appellee conceives that this statement of the effect of the testimony is not full enough or not accurate, it is his duty to abstract so much of it as he may deem necessary to present his view of it. Appellant offers, if, in the opinion of the court, his abstract is not sufficient, to file an additional one; and the court, believing appellant has in good faith tried to comply with the rule, will not dismiss the cause, but grants him one week in which to further abstract the case.