## MERRITT v. WALLACE.

Opinion delivered July 1, 1905.

1. APPEAL—FAILURE TO ABSTRACT EVIDENCE.—Where appellant fails to
bring the evidence into his printed abstract, the presumption is that the
evidence sustained the findings of the trial court.   (Page 218.)

2. GUARDIAN AND WARD—ACCOUNT—BURDEN OF PROOF.—The burden of
proof rests upon a guardian to establish the validity of any item
of credit in his account which is challenged, and for want of sufficient
*prima facie* proof such credit will be rejected.   (Page 218.)

3. SAME—INTEREST ON UNLOANED FUNDS.—Where a guardian, after being
ordered by the probate court to lend out his ward's money, waited for
ten years without lending the money, and without making any report
to the court of his failure to do so, it was not error, after allowing him
reasonable time to make the loan after being ordered to do so, to
charge him with interest thereafter at the legal rate.   (Page 219.)

Appeal from Desha Circuit Court.

ANTONIO B. GRACE, Judge.

Affirmed.

*F. M. Rogers* and *B. F. Merritt,* for appellant.

*J. W. Dickinson,* for appellee.

HILL, C. J.   In 1888 appellant, Merritt, was appointed by the probate court guardian of Lena Crane, a minor, now Lena Wallace, the appellee herein. In 1889 the guardian received from life insurance policies $4,990. January 13, 1890, he filed his first annual settlement, showing a balance on hand of $4,555.49. To this settlement was appended a petition of the guardian for an order to loan $4,000 of the ward's money, and at the April term, 1891, the court made an order directing the guardian to loan said sum on real estate security. There was no proceeding in the guardianship after the April term, 1891, until the January term, 1901, when a petition was filed by Mrs. Wallace, praying that her guardian be required to make a final settlement. On April 5, 1901, the guardian filed his second and final account charging himself with $1,281.26. The appellee filed numerous exceptions to the account, and made out an account as she contended should be made, in which the guardian was charged with interest on the funds in his hands, and other matters differently stated. The probate court sustained some of the exceptions, and charged the guardian with interest since the ward's majority, and rendered judgment against him for $1,861.25. The guardian appealed to circuit court, and the issues were tried anew before the circuit judge. The only evidence was the affidavit of the guardian (treated as a deposition by consent) on the question of interest, and the deposition of Mrs. Wallace. The latter was practically a repetition of her exceptions to the account and statement of the account as it should be. The appellant has failed to bring into his abstract the evidence, and therefore the presumption is that the evidence sustained the finding by the circuit judge. *Shorter University* v. *Franklin,* 75 Ark. 571, and authorities there cited.

Aside from this presumption, however, the guardian did not introduce evidence to sustain his account, where challenged, and

he would fail on that score. Mr. Woerner says: "The *ouns probandi* rests upon the executor or administrator to establish the validity of any item of credit in the account which is challenged, and for want of sufficient *prima facie* proof such credit will be rejected." 2 Woerner, Administration, § 540. See also Schouler on Dom. Rel. § 372.

The circuit judge went through the accounts painstakingly, rejected some credits and allowed others excepted to, and there is no ground to set aside his finding as to the amount due on the account. The principal question in the case is charging the guardian interest on the funds in his hands. The guardian testified: "I gave the statutory notice, and received from H. H. Halley an application to borrow said funds; that in my opinion as such guardian the security offered by said Halley was grossly inadequate; that as such guardian I received no other application for the loan of said fund."

The trial court said: "He was entitled to a reasonable time to make investments or report his failure to do so to the court. Some authorities say three months is all that could be called reasonable; some say six months; and in others even a year is hinted at as not too long under peculiar circumstances. It is extremely liberal to the defendant here to allow him the time from April term, 1891, when the order to lend was made, until the 1st of July, 1893, in which to take decisive action." The court charged him with 6 per cent. interest from the latter date, amounting to $2,061.10.

Section 3804, Kirby's Digest, requires guardians to loan idle money of their wards, under the direction of the court. Section 3805 provides: "If any guardian fail to loan the money of his ward on hand, as aforesaid, under the provisions of this act, he shall be accountable for the interest thereon." The general rule is that the guardian must exercise reasonable skill and diligence to loan the money; and if he fail to do so, he is liable therefor at legal rate of interest; and if the ward can show it could have been loaned at a higher rate, he is chargeable with what he could have obtained. Rodgers, Domestic Relations, § 869; 2 Woerner, Administration, § 511; *Price* v. *Peterson,* 38 Ark. 494.

The guardian rejected one application on account of the

insufficiency of the security, and says he had no further applications.

Section 3808, Kirby's Digest, contemplates, when money of the ward cannot be safely loaned, to have it invested in United States bonds.

The guardian utterly fails to show reasonable diligence to secure a safe loan, and, had he exercised such diligence and failed, then he should have reported it to the court, to the end that the money be invested in bonds. Instead of doing that, he made no report for ten years, and only then when cited into court.

The appellant has no cause of complaint against the judgment, and it is affirmed.