## HOUGHTON *v.* MOSLEY.

### Opinion delivered October 15, 1906.

APPEAL—INSUFFICIENCY OF ABSTRACT.—A case will be affirmed on appeal where appellant has failed to file a sufficient abstract of the pleadings, evidence and findings of the court, as required by rule nine, to enable the court to understand the questions presented for decision.

Appeal from Lawrence Chancery Court; *George T. Humphries,* Chancellor; affirmed.

*Appellant, pro se.*

*Appellee, pro se.*

WOOD, J. Rule nine requires the appellant, or plaintiff in error, to file with the clerk of this court "an abstract setting forth the material parts of the pleadings, proceedings, facts and documents upon which he relies, together with such other statements from the record as are necessary to a full understanding of all questions presented to this court for decision."

The "material parts of the pleadings" are not set forth, but only certain general deductions of counsel as to what the pleadings show. It is impossible for us to tell whether these

deductions are correct or not. The conclusions of counsel give us no clear and adequate conception of what the issues are. The testimony is set forth in such fragmentary and disconnected way as not to enable us to understand the real merits of the controversy. Moreover, three separate findings of the court are set forth toward the latter part of the brief, but there is nothing in the entire brief to show that there were no other findings. On turning to the transcript we discover two other findings numbered 4 and 5, upon which the decree of the court might have been based. These are not abstracted, and no evidence bearing upon them. The decree itself is not abstracted. Rule nine is designed to obviate the necessity for each judge to explore the transcript of the record. It is intended to conserve the time of the court and facilitate the disposition of causes. It is impossible to determine if there be error in this case unless the individual judges shall "go through" the transcript. This we decline to do, and the decree is affirmed.