WALLACE *v.* ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY.

Opinion delivered July 1, 1907.

APPEAL—INSUFFICIENCY OF APPELLANT'S ABSTRACT.—A judgment at law will be affirmed on appeal where the appellant sets out in his abstract only a part of the evidence before the court and of the instructions given by the court, and does not state whether there was a motion for new trial or not.

Appeal from Nevada Circuit Court; *Joel D. Conway,* Judge; affirmed.

STATEMENT BY THE COURT.

This is a suit brought in the Nevada Circuit Court by W. T. Wallace, as next friend of his minor son, S. L. Wallace, for personal injuries received while alighting from defendant's train, and also a suit brought by W. T. Wallace in his own behalf for damages for loss of his son's time. The two suits were consolidated and tried together.

The complaints allege that the plaintiff was a passenger on one of defendant's trains on the 23d day of September, 1905, and when the train reached Prescott, the place of plaintiff's destination, and the train had stopped for passengers to alight, he started to get off, and when he reached the platform of the car a violent jerk in the train caused him to fall, and his hand was caught and badly bruised, from which he suffered great physical pain. The minor asks for five hundred dollars damages. The complaint of W. T. Wallace alleges the same facts; and the further fact that the minor was his son, able-bodied and industrious, of the age of 16 years, that his wages were worth thirty dollars per month, and that on account of the injury he had not been able to earn anything for five months, and prays for two hundred dollars damages.

The answer denied all material allegations.

The testimony by appellants to show negligence is as follows: S. L. Wallace is 16 years of age. On the 23d day of September, 1905, he was a passenger on defendant's train coming from Gurdon to Prescott. When he got to Prescott, and the station was called, the train stopped and he started off. When he got to the platform, the train backed and threw him, and his hand was caught between the cars, and he called for help. He never left his seat until the train stopped. When the train stopped, he got up and started out. He got to the platform, and the train backed. It backed pretty hard, with a jar. He had just stepped across the coupling. The jerk threw him backward. He could not get his hand loose. Some man on the train came up and tried to pull him out. His hand stuck. The man went out and "hallooed" two or three times before he got them to hear him. They finally removed the train and released him. It hurt his hand bad. It rose after that. Then follows other testimony showing the nature and extent of the boy's injuries. Then follows this statement: "There was other testimony about the manner of the stopping of the train." The abstract then continues as follows: "At the request of the defendant and over the objections of the plaintiff, the court gave the following instructions to the jury:

"2. If you find from the evidence in this case that the train stopped at Prescott made an ordinary stop, and that it

was made carefully by the engineer, then your verdict must be for the defendant, even if you should find that plaintiff was injured by the jerk of the train.

"3. You are instructed that while carriers of passengers are held to a high degree of care, they are not insurers of the safety of passengers, and there is that same corresponding high degree of care on the part of the passenger to act with care and prudence; and if he fails to do this, and such failure in any degree contributes to his injury, he cannot recover, even if the carrier was negligent.

"4. Before a carrier can be held liable for the injury of a passenger, it must appear. from the evidence that the carrier was guilty of some negligence which caused or produced the injury, and still the passenger cannot recover if it also appears from the evidence that the passenger himself was also guilty of negligence. Therefore if you find from the evidence in this case, either that the defendant was guilty of no negligence, or that the passenger himself was guilty of any negligence that in any degree contributed to the injury of which he complains, this bars his recovery, and you must find for the defendant.

"3. You are instructed that, while carriers of passengers employees were not bound to stop the train at the station without a jar or jerk, but they were only bound to exercise due care in this regard; and you are further instructed that the engineer had the right, if the train did not stop at the proper place either for passengers to alight or for the purpose of taking water on the engine, and it was his duty, to move backward or forward, whichever was necessary to properly place his train. And if he did this with care and caution, the defendant is not liable for the plaintiff's injury, and your verdict must be for. the defendant."

From a judgment in defendant's favor plaintiffs have appealed.

*J. O. A. Bush,* for appellants.

The court erred in its instructions to the jury. The carrier is bound to the utmost diligence which human skill and foresight can effect. 51 Ark. 459; 40 *Id.* 299; 34 *Id.* 613. The passenger is held only to ordinary care. 48 Ark. 106; 2 Wait, Actions & Def. 64; 6 *Ib.* 595; 2 Wood, Railways, § 301. When an

injury is shown, the burden is on the carrier to show that it was not its fault.   34 Ark. 613.

*T. M. Mehaffy* and *J. E. Williams*, for appellee.

No abstract was filed in this case as required by rule 9, and the judgment should be affirmed.   75 Ark. 571; 76 *Id.* 217; 75 *Id.* 347; 78 *Id.* 374; 73 *Id.* 548.

Wood, J., (after stating the facts.)   The appellants' abstract shows "there was other testimony about the manner of stopping the train." But it does not set out this testimony. Nor does the abstract contain the statement that the instructions set forth were the only instructions given by the court.   There is no statement in the abstract to the effect that a motion for new trial calling attention of the court to the errors reserved was presented and overruled.

The abstract is so imperfect that we are not able to say without exploring the transcript, individually or collectively, that the judgment upon the whole case is erroneous.   The "other testimony about the manner of the stopping of the train" might show that there was no negligence in the manner of the starting of the train again after it had stopped, and that the jerk of which appellants complain was incident and necessary to the train's movement in its ordinary and usual operation.   It is not the case of showing simply the injury caused by the running of the train, leaving the railway company to remove the presumption of negligence which would follow. But the affirmative statement is made that there was other testimony, which, we must presume, in the absence of the testimony or a statement of its substance, sustains the judgment of the court.   While it appears that some of the instructions in themselves were not correct declarations of the law, yet it is impossible, in the absence of the court's charge as a whole, to say whether the giving of those set forth was prejudicial error.   Under several decisions of this court, the abstract wholly fails to comply with rule nine.  *Barringer* v. *St. Louis, I. M. & So. Ry. Co.,* 73 Ark. 548; *Carpenter* v. *Hammer,* 75 Ark. 347; *Shorter University* v. *Franklin,* 75 Ark. 571; *Merritt* v. *Wallace,* 76 Ark. 217; *St. Louis, I M. & S. R. Co.* v. *Boyles,* 78 Ark. 374.

Appellants have not offered to perfect their abstract, and nothing remains but to affirm the judgment.   It is so ordered.