BAKER v. CAZORT.

Opinion delivered September 28, 1908.

APPEAL—SUFFICIENCY OF ABSTRACT.—As the presumption on appeal is in favor of the correctness of the rulings of the trial court, a judgment appealed from will be affirmed where appellant fails to set

out enough of the evidence to show whether the rulings complained of were correct or not, as it is not the duty of this court to explore the transcript for matters omitted from appellant's abstract.

Appeal from Crawford Circuit Court; *Jeptha H. Evans,* Judge; affirmed.

*J. E. London* and *C. A. Starbird,* for appellant.

*Sam R. Chew,* for appellee.

No abstract was filed as required by Rule 9, and cause should be affirmed. 57 Ark. 304; 58 *Id.* 448; 59 *Id.* 1; 76 *Id.* 217; 78 *Id.* 577; 80 *Id.* 259; 82 *Id.* 547; 83 *Id.* 356.

HART, J. G. T. Cazort instituted this action in the Crawford Circuit Court to enforce a specific attachment on two mares, which he alleged he had sold to T. B. Baker and A. E. Baker. No service of summons was had upon A. E. Baker, and the case proceeded against T. B. Baker alone.

After the evidence was introduced, the court told the jury that the facts were undisputed, and that the only question about which there was any contention was whether or not T. B. Baker became a purchaser of the mares within the meaning of our law authorizing this character of suit. The note or obligation given for the purchase price of the mares was read in evidence, and the court told the jury that it was the contract of purchase, and that by its terms T. B. Baker and A. E. Baker became the purchasers of the mares. The jury was then directed to find for the plaintiff.

Pursuant to the instructions of the court, the jury returned a verdict for G. T. Cazort, and T. B. Baker has appealed.

Appellee, Cazort, has made a motion to affirm the case because appellant Baker has failed to comply with Rule 9 in his abstract of record. Appellant's abstract does not give the whole instructions of the court, but only such excerpts therefrom as he deemed sufficient. Nor does it contain his motion for a new trial or any reference thereto. The substance of the testimony of Cazort, the plaintiff in the court below, is not given, but only appellant's conclusion of its effect is stated.

After appellee's brief, which contained his motion to dismiss for non-compliance with Rule 9, had been filed, appellant prepared a supplemental abstract, which contains his motion for a new trial and also an abstract of the testimony of J. J. Cravens

and T. B. Baker, but no reference is made to the obligation given for the purchase price of the property in controversy.

Cravens's testimony is confined to the fact that, subsequently to the purchase from Cozart, A. E. Baker mortgaged the team of mares to him; that he did not pay the mortgage debt; that his firm seized the mares under its mortgage, and afterwards sold and delivered them to T. B. Baker.

The testimony of T. B. Baker is to the same effect, and in addition he states that A. E. Baker bought the mares from Cazort. If, as stated by the court to the jury, the obligation showed by its terms that T. B. Baker became one of the purchasers of the mares, it was the best evidence of that fact, and could not be contradicted by parol evidence.

We have no means of knowing whether the finding of the court in that respect is correct or not except by exploring the transcript; for appellant has not set out the obligation in either his original or supplemental abstract. It is evident that the peremptory instructions of the court were based upon the language of this instrument. The presumption is in favor of the correctness of the trial court's ruling in that regard.

It has been repeatedly held by this court that the rules of practice do not make it our duty to explore the transcript for evidence thus omitted, and the presumption is in favor of the correctness of the judgment of the trial court. For a full discussion of the proper office of the abstract and the reasons for Rule 9, reference is made to the case of *Neal* v. *Brandon,* 74 Ark. 320. Later cases in which the rule has been enforced are as follows: *Shorter University* v. *Franklin,* 75 Ark. 571; *Merritt* v. *Wallace,* 76 Ark. 217; *Beavers* v. *Security Mutual Ins. Co.,* 76 Ark. 138; *St. Louis, Iron Mountain & Southern Ry. Co.* v. *Boyles,* 78 Ark. 374; *Houghton* v. *Mosley,* 80 Ark. 259; *Van Patten* v. *Wank,* 82 Ark. 547; *Wallace* v. *St. Louis, I. M. & So. Ry. Co.,* 83 Ark. 356.

The judgment is affirmed for non-compliance with Rule 9.