HUBBERT v. MISSOURI PACIFIC RAILROAD COMPANY.

Opinion delivered October 28, 1918.

APPEAL AND ERROR—COMPLIANCE WITH RULE NINE.—Where the material parts of none of the pleadings, proceedings and facts relied on by appellants for reversal are set out in appellant's abstract, the judgment will be affirmed for noncompliance with Rule Nine.

Appeal from Pike Circuit Court; *J. S. Lake,* Judge; affirmed.

The appellants *pro sese.*

The complaint states a cause of action and the court had jurisdiction. Citing cases. Argue the merits of the cause which are not passed on by the court.

*E. B. Kinsworthy* and *R. E. Wiley,* for appellee.

1. The judgment should be affirmed for failure to comply with Rule 9.

2. Argue the merits.

HUMPHREYS, J. Appellants filed a purported abstract in this case. It is stated in the abstract that "this appeal is taken from a judgment of the circuit court rendered on the 20th day of March, 1918, Pike County, Arkansas, sustaining a motion to dismiss for want of jurisdiction.

It is insisted by appellee that the judgment should be affirmed because appellants have made no abstract or abridgment of the transcript in compliance with rule 9 of the Rules of the Supreme Court of the State of Arkansas. That part of rule 9 referred to by appellee is as follows:

"In all civil cases, the appellant shall file with the clerk of this court, when his case is subject to call for submission, an abstract or abridgment of the transcript setting forth the material parts of the pleadings, proceedings, facts and documents upon which he relies, together with such other statements from the record as are necessary to a full understanding of all questions presented to this court for decision. The abstract shall

contain full reference to the pages of the transcript.
\* \* \* "

In an attempt to abstract this case, appellants gave their own version of the facts in the case, not connecting them with the testimony of any witness in the case. Concerning the pleadings, they state that they filed suit in the Pike County Circuit Court, July, 1917, to be tried September term, 1917, against the St. Louis, Iron Mountain & Southern Railway Company, B. F. Bush, Receiver, and the Missouri Pacific Railway Company; that the defendants filed their answer to complaint at the September term of the Pike County Circuit Court, 1917, and, among other things, alleged the sale and transfer of said railways to the Missouri Pacific Railroad Company; that the appellants filed a motion to amend their complaint, making the Missouri Pacific Railroad Company party defendant, which was granted; that on the 19th day of January, 1918, appellants filed their amended complaint; that at the March term of the Pike County Circuit Court, 1918, the defendants filed a motion to dismiss the suit for want of jurisdiction; that the court, at the March term, 1918, after hearing the motion, dismissed the suit; that appellants excepted to the finding of the court and to the judgment and asked that exceptions be noted of record, which was done; and that they prayed an appeal to the Supreme Court, which was granted.

It will be observed that the material parts of none of the pleadings, proceedings and facts relied upon by appellants for reversal, together with other statements from the record necessary to a full understanding of all the questions involved in the case, have been set forth in the purported abstract. It is quite apparent that it would be necessary for each judge to take the transcript and explore it in order to fully understand the questions presented by this appeal to the court for decision. The business of this court could not be dispatched without the enforcement of this rule. It is a rule of long standing and has been rigidly enforced by this court, as will be seen by reference to the following cases, covering a

long period of time: *Neal* v. *Brandon*, 74 Ark. 320; *Shorter University* v. *Franklin*, 75 Ark. 571; *Merritt* v. *Wallace*, 76 Ark. 217; *Beavers* v. *Security Mutual Ins. Co.*, 76 Ark. 138; *St. L., I. M. & S. Ry. Co.* v. *Boyles*, 78 Ark. 374; *Houghton* v. *Mosley*, 80 Ark. 259; *Van Patten* v. *Wank*, 82 Ark. 547; *Wallace* v. *St. L., I. M. & S. Ry. Co.*, 83 Ark. 356; *Baker* v. *Cazort*, 87 Ark. 368; *Brown* v. *Hardy*, 95 Ark. 123; *DeQueen & Eastern Ry. Co.* v. *Thornton*, 98 Ark. 61.

The judgment is affirmed for non-compliance with Rule 9.