GRIMES *v.* MCKEE.

Opinion delivered February 4, 1924.

1. APPEAL AND ERROR—INSUFFICIENCY OF ABSTRACT.—Where appellant's abstract does not contain the material parts of the decree, nor show the manner of giving testimony, or that the testimony as abstracted was all that was considered by the court, the decree will be affirmed for non-compliance with rule 9.

2. APPEAL AND ERROR—PRESUMPTION OF CORRECTNESS OF DECREE.—It will be presumed on appeal that the decree appealed from is correct until the contrary appears by compliance with rule 9.

Appeal from Benton Chancery Court: *Ben F. McMahan,* Chancellor; affirmed.

*Sullins & Ivie, J. Wythe Walker* and *W. D. Mauck,* for appellants.

WOOD, J. The appellants, in their abstract, state that "the only issue in this case is the right of curtesy of John Grimes, appellant, the right of the court to order a sale of a portion of his land, and the principal contention in the whole matter is his establishing the validity of the deed said to be executed by John Grimes to his wife, Martha Grimes. In order to sustain the allegations of the separate answer and cross-complaint of the appellant, the following testimony is submitted for the consideration of the court." Then follows what purports to be the testimony of appellant, John Grimes, and also of the witnesses John C. Grimes, Dr. T. M. Rice, Munce Grimes, and the rebuttal testimony of John Grimes, followed by what purports to be the testimony of Ira Grimes in his own behalf. After setting out this testimony, the appellants state in their brief that there are three questions to be considered: First, the right of curtesy of appellant; second, the order of sale as to a certain parcel of land—200 acres; and third, the validity of the deed of appellant to his wife. Then follows a statement in the brief to the effect that the most important question is the validity of the conveyance of the appellant to his wife. We do not find that this deed, or the purported contents thereof, the validity of which appellants seem to be calling in question, and which the trial court held to be valid, has anywhere been set forth in the abstract. The only reference to the pleadings which made up the issue upon which the trial was had and the decree below rendered is as follows:

"The separate answer and cross-complaint of Ira Grimes, the separate answer and cross-complaint of John Grimes, cross-complaint against Ira Grimes, Myrtle Hudson, guardian of Levi Grimes, and the separate answer and cross-complaint of John C. Grimes, J. M. Grimes, Elizabeth Brown, Mae Grimes, cross-complainants, against Ira Grimes, Myrtle Hudson, guardian of Levi Grimes, a minor, contain the following allegations

and denials: Appellant, John Grimes, denies that Martha Grimes was the owner of the land mentioned in the cross-complaint of Ira Grimes, and alleges his physical condition during the fall and winter of the year 1914. Also alleges the condition in which the deed, if a deed was procured at all, or if a deed was executed by him to his wife, Martha Grimes, showing the manner of the execution of the deed, his condition at the time of the execution, and the allegation of the children of Grimes as to the execution of a deed by them to their father, John Grimes, appellant herein, and further allegation of the conduct of Ira Grimes, and alleging the amount of indebtedness, to whom paid, prior and since the death of his wife, and the prayer of the separate answer and cross-complaint of appellant.''

The reference to the decree is as follows: ''Said cause aforesaid, to-wit, cases 2341 and 2388, were consolidated by agreement and to proceed as case 2109. The further orders and proceedings appearing in Tr. 45 to 55, inc. Issues between the various parties to this suit are, by order of the court, set for hearing April 15, 1922, to be heard upon such depositions as may have been taken in the case and oral evidence produced by the parties in open court.''

Now, it is impossible for this court to get at the merits of this lawsuit upon the above abstract. The only reference to the decree in the abstract shows that the cause was to be heard upon oral evidence, and, for aught the abstract shows, the decree itself may recite that it was heard upon oral testimony. The abstract recites that ''in order to sustain the allegations of the separate answer and cross-complaint of appellant, the following testimony is submitted for the consideration of the court.'' But there is nothing in the abstract to show whether this was testimony by deposition or oral testimony, and nothing to show that the testimony as thus abstracted was all the testimony considered by the court upon which the decree was bottomed. We do not know what other testimony, oral, written, or document-

ary, the court might have considered. The abstract wholly fails to comply with rule 9 of this court, which requires that "the appellant shall file with the clerk of this court an abstract or abridgment of the transcript, setting forth the material parts of the pleadings, proceedings, facts and documents upon which he relies, together with such other statements from the record as are necessary to a full understanding of all questions presented in this court for decision."

In one of our late cases we said: "It is quite apparent that it would be necessary for each judge to take the transcript and explore it in order to fully understand the questions presented by this appeal to the court for decision. The business of this court could not be dispatched without the enforcement of this rule. It is a rule of long standing, and has been rigidly enforced by this court, as will be seen by reference to the following cases, covering a long period of time." (Citing numerous cases). *Hubbert* v. *Mo. Pac. Ry. Co.,* 136 Ark. 188. In order to conserve the time of this court, in the present congested condition of its docket, it is now more important, perhaps, than ever before in the history of the court that this rule be strictly enforced.

The presumption is that the decree of the trial court is in all things correct, until the appellants make the contrary appear by complying with rule 9, *supra.* This they have not done. The decree is therefore affirmed.