CARR *v.* MARYLAND CASUALTY COMPANY.

Opinion delivered June 1, 1931.

*P. S. Seamans,* for appellant.

*Cockrill & Armistead* and *Harry T. Wooldridge,* for appellee.

HUMPHREYS, J. This is an appeal from a purported decree rendered in the chancery court of Desha County dismissing appellant's complaint for the want of equity. Under rule 9 of this court adopted in aid of the dispatch of business, an appellant is required to file an abridgment of the transcript, setting forth the material parts of the pleadings, proceedings, facts, and documents upon which he relies, together with such other statements from the record as are necessary to a full understanding of all questions presented to this court for decision. The abstract should contain full reference to the pages of the transcript. No effort has been made by appellant to comply with this rule; so, in order to understand the questions presented by the appeal, it would be necessary to explore the transcript. This court has consistently refused to explore transcripts to determine issues involved

on appeals because to do so would greatly retard the dispatch of business. Rule 9 is of long standing, reasonable, and wholesome, and, for that reason, has been rigidly enforced by this court. *Grimes* v. *McKee,* 162 Ark. 197, 258 S. W. 134. Should we depart from the rule, it would result in a congested condition of the docket in a very short time. The motion to affirm the decree for failure to comply with rule 9 must therefore be sustained.

Decree affirmed.