BURNS *v.* MICHIGAN PAINT CO.

1. MASTER AND SERVANT — PERSONAL INJURIES — INDEPENDENT CONTRACTORS—INJURIES TO THIRD PERSONS—LIABILITY.

　　Where a licensed expressman agreed for a certain sum per week to do defendant's delivering, furnishing his own horse and wagon, and while doing so attached defendant's sign to his wagon, but was not obliged to do the work in person, and was free to do similar work for others, defendant was not liable for injuries to plaintiff caused by his negligence while delivering for defendant.[1]

2. SAME—RELATIONSHIP—BURDEN OF PROOF.

　　In an action against a master for damages arising from in-

[1] As to what persons are independent contractors within meaning of rule relieving employer from liability, see note to *Richmond* v. *Sitterding* (Va.), 65 L. R. A. 445.

juries inflicted by his servant, the burden is upon plaintiff to prove the existence of the relationship between defendant and his alleged servant.

Error to Wayne; Donovan, J. Submitted April 13, 1908. (Docket No. 38.) Decided May 1, 1908.

Case by Catherine Burns against the Michigan Paint Company for personal injuries. There was judgment for plaintiff, and defendant brings error. Reversed.

*Lodge & Brown* (*Joseph M. Weiss*, of counsel), for appellant.

*Clarence P. Milligan*, for appellee.

Plaintiff while driving on the streets of the city of Detroit was run into and injured by an express wagon driven by one William Boyseau. Boyseau was a licensed expressman. He owned the horse and wagon which he was driving. He was delivering goods for the Michigan Paint Company, the defendant. His wagon had attached to it a sign bearing these words, "The Paint Shop, 32 Cadillac Square, phone Main 1043." This was the name which designated defendant's shop. Boyseau stated to a policeman immediately after the plaintiff was injured that he was working for defendant. Both Boyseau and defendant's manager testified that the arrangement whereby Boyseau delivered defendant's goods was this: Boyseau was to deliver these goods for $15 a week. He was to furnish the horse and wagon. He was not bound to do the work himself. He was at liberty to do it himself or by employés selected by him. He determined the route that he was to take. He exercised this liberty. Sometimes he himself delivered the goods. Sometimes they were delivered by drivers selected by him. He was free to do and did similar work for others. When he was working for defendant he put on his wagon the sign heretofore described, which defendant had furnished him. Plaintiff brought this suit to recover damages. At the

conclusion of the trial the question arose whether the foregoing facts and testimony afforded evidence that Boyseau was defendant's servant. The trial court decided that they did. He submitted that question to the jury, who found a verdict in plaintiff's favor.

CARPENTER, J. (*after stating the facts*). If the facts were as testified to by Boyseau and defendant's manager, Boyseau was not the servant of defendant, but was an independent contractor, for whose negligence defendant was not responsible. *De Forrest* v. *Wright*, 2 Mich. 368; *Riedel* v. *Moran, Fitzsimons Co.*, 103 Mich. 262; *Wright* v. *Manufacturing Co.*, 124 Mich. 91 (50 L. R. A. 495); *Lenderink* v. *Village of Rockford*, 135 Mich. 531; *Joslin* v. *Grand Rapids Ice Co.*, 50 Mich. 516.

We are of the opinion that a verdict should have been directed in defendant's favor upon the ground that there was no evidence from which the jury could infer that Boyseau was defendant's servant. The burden rested upon plaintiff to prove the existence of the relationship of master and servant between defendant and Boyseau. The only evidence offered by her tending to prove that fact was the sign on Boyseau's wagon and his declaration that he was working for the defendant. In the absence of any explanation, this circumstance and this statement might have warranted the inference that the relation of master and servant existed. That circumstance and statement are, however, entirely consistent with the relation of independent contractor testified to by Boyseau and defendant's manager. In other words, there is no conflict between the testimony upon which plaintiff relies as proof of liability, and the testimony which we are bound to hold establishes nonliability. It may be said that the circumstance and admission of Boyseau cast upon defendant a duty of explanation. This duty defendant fully performed. The case does not differ in any legal sense from the many cases in which this court has held that the party upon whom rests the burden of proof is entitled

to recover because he has established his case by undisputed testimony. The trial court should have directed a verdict in defendant's favor.

Judgment reversed, and a new trial ordered.

GRANT, C. J., and BLAIR, MONTGOMERY, and McALVAY, JJ., concurred.