DE QUEEN & EASTERN RAILWAY COMPANY v. THORNTON.

Opinion delivered February 27, 1911.

1. APPEAL AND ERROR—WHEN ADMISSION OF EVIDENCE HARMLESS.—The improper admission of evidence is not prejudicial if the fact it tended to prove is otherwise established by undisputed evidence. (Page 62.)

2. SAME—PRESUMPTION FROM FAILURE TO ABSTRACT EVIDENCE.—The refusal to give a certain instruction cannot be relied upon as error unless all of the instructions given are set out in appellant's abstract, as otherwise it will be presumed that the theory embraced in the refused instruction was fully covered by other instructions that were given. (Page 63.)

3. SAME—SUFFICIENCY OF APPELLANT'S ABSTRACT.—Appellant cannot insist upon appeal that the trial court erred in submitting a certain issue to the jury because it was not raised by the pleadings or evidence, where appellant fails to abstract the pleadings and evidence so that it can be seen what issues were properly before the jury. (Page 63.)

Appeal from Howard Circuit Court; *James S. Steel,* Judge; affirmed.

*Sain & Sain* and *John S. Kirkpatrick,* for appellant.

*W. P. Feazel,* for appellee.

There is no abstract of the pleadings, nor of the motion for new trial; only a portion of the evidence and only two of the

instructions. Without an exploration of the transcript the court can not determine whether or not prejudicial error was committed. The judgment should be affirmed for noncompliance with rule 9. 93 Ark. 85; *Id.* 426; 92 Ark. 41; *Id.* 144; 93 Ark. 213; 92 Ark. 245; 90 Ark. 230; 83 Ark. 359.

HART, J. Appellant has prosecuted this appeal to reverse a judgment rendered against it in favor of appellee for damages for injuries alleged to have been sustained by him while a passenger on one of appellant's trains on account of the negligence of appellant's servants in operating said train. Appellee asks that the judgment be affirmed because appellant has failed to comply with rule 9 of this court. It may be stated at the outset that we have uniformly enforced this rule where we have been asked to do so, and no sufficient excuse for noncompliance with it has been made. In the present case there is an excerpt from the complaint, some excerpts from the testimony of one witness, an instruction given and one refused, and some comments of counsel on the effect of the testimony. This is not a sufficient compliance with the rule. The rule contemplates that appellant shall file an abstract or abridgment of the transcript setting forth the material parts of the pleadings, proceedings, facts and documents upon which he relies, together with such other statements from the record as are necessary to a full understanding of all questions presented to the court for decision. Otherwise it would be necessary for each judge in turn, or all the judges together, to examine the transcript to obtain a correct understanding of the questions presented for our determination. Either method would cause much delay, and would greatly retard the work of the court. To illustrate, as applied to the present case, counsel assign as error the action of the court in admitting certain testimony, which they set out in their abstract. The other testimony in the case is not abstracted. Assuming the testimony complained of to be incompetent, it may be that the point sought to be established was proved by other evidence, which was competent and which was undisputed. We can not tell without exploring the transcript.

It is settled in this State that the improper admission of evidence is not prejudicial if the fact it tended to prove is otherwise established by the undisputed evidence. *Maxey* v. *State*, 76 Ark.

276; *Pace* v. *Crandell,* 74 Ark. 417; *Waters-Pierce Oil Co.* v. *Burrows,* 77 Ark. 74.

Counsel for appellant assign as error the action of the court in refusing a certain instruction, which they set out in their abstract. They contend that the refused instruction is not covered by any other instruction given. But they have not set out the other instructions, and the court might differ with them as to their construction of the omitted instructions. Under rule 9 counsel must abstract them, or we will assume that the theory embraced in the refused instruction was fully covered by the other instructions given which are not abstracted. *St. Louis, I. M. & S. Ry. Co.* v. *Boyles,* 78 Ark. 374.

Again, counsel say that the court erred in giving a certain instruction because they say the complaint does not allege any permanent injury to appellee; that there is nothing in the pleadings or evidence that would justify the court in submitting to the jury the question whether appellee would suffer physical and mental pain in the future. The abstract is so imperfect that we can not tell without exploring the transcript whether or not they are correct. Counsel cannot substitute their judgment for that of the court. *Wallace* v. *St. Louis, I. M. & S. Ry. Co.,* 83 Ark. 356.

As applicable to the case at bar, we quote from the case of *Wallace* v. *St. Louis, I. M. & S. Ry. Co., supra,* as follows: "The abstract is so imperfect that we are not able to say without exploring the transcript, individually or collectively, that the judgment upon the whole case is erroneous."

The judgment is affirmed.