## KELLER *v*. SAWYER.

### Opinion delivered July 15, 1912.

1. APPEAL AND ERROR—INSUFFICIENCY OF ABSTRACT.—The giving of instructions can not be relied on as error where it does not appear in appellant's abstract that they were objected to, that exceptions were saved, or that the ruling of the court was made a ground for a motion for new trial. (Page 378.)

2. SAME—INSUFFICIENCY OF ABSTRACT.—The refusal to give an instruction requested can not be relied upon as error unless all of the instructions are set out in the abstract. (Page 378.)

3. SAME—INSUFFICIENCY OF ABSTRACT.—Error in admitting a deposition in evidence will not be considered where it does not appear from appellant's abstract that its admission was made a ground of motion for a new trial. (Page 378.)

4. TRIAL—VERDICT—INDEFINITENESS.—A verdict, in an action for the recovery of certain county warrants, finding for the plaintiff and that the amount of the warrants be returned or their value, is too indefinite to be the basis of a judgment. (Page 378.)

5. APPEAL AND ERROR—INDEFINITE VERDICT—REMITTITUR.—Where the jury returned a verdict for the value of certain county warrants, without ascertaining their value, the error may be cured by fixing their value at the lowest value they are shown by the evidence to have had. (Page 379.)

Appeal from Ashley Circuit Court; *Henry W. Wells,* Judge; judgment modified.

*Compere & Compere* and *George & Butler,* for appellants.
*A. W. Files* and *J. C. Brown,* for appellee.

WOOD, J. This is a suit brought in a justice of the peace court by appellee against the appellants and one Burnsides

to recover $300 in Ashley County warrants or scrip, which appellee alleged were worth $200 or $225. He alleged that the scrip was deposited "with defendant by one G. P. Roberts in the name of E. A. Burnsides but for the benefit of the plaintiff;" that the plaintiff was the owner, and that defendants were retaining the scrip under the false claim that the same belonged to Burnsides. The cause proceeded to trial in the justice's court, and judgment was rendered in favor of the plaintiff below, appellee here, against Keller and Burnsides "for $300 in Ashley County scrip of the value of $150." Judgment was also entered in favor of the Wilmot Bank, discharging it from liability. Burnsides did not appeal. The appellant Keller appealed to the circuit court, where the case was again tried before a jury, and it returned the following verdict: "We, the jury, find for the plaintiff, and that the amount of the scrip be returned or its value." The court entered the following judgment: "That the plaintiff have and recover of and from the defendant the sum of three hundred dollars in Ashley County scrip or the value thereof."

The testimony on behalf of the appellee tended to show that he was arrested under a warrant issued by a justice of the peace in Ashley County on a charge of stealing cattle; that Burnsides, the officer having him in charge, had gone on his bond in the sum of three hundred dollars for his appearance before the magistrate; that Burnsides had taken a mortgage on some cattle to indemnify him in the event that he should have the bond to pay; that he afterwards agreed to release the mortgage, and accepted the sum of $300 in Ashley County scrip; that G. P. Roberts, the father-in-law of appellee, furnished the scrip, and that he and Burnsides went into the Wilmot Bank, at Wilmot, Arkansas, and Roberts or Burnsides passed the scrip over the counter to the appellant Keller, who was the cashier of the bank; that it was understood between Roberts and Burnsides that the scrip was deposited with the the bank with the understanding that, in case Burnsides had the bond to pay the bank was to deliver to him the scrip, but if he did not have the bond to pay then the scrip should be the property of Roberts. The proof is uncertain as to whether Keller, the cashier of the bank, at the time he re-

ceived the scrip, knew of such understanding between Roberts and Burnsides.

The testimony on behalf of the appellant Keller tends to show that at the time the scrip was deposited he did not not know of such agreement; that the scrip was deposited with him as cashier of the bank by Burnsides and in his name. But the testimony on behalf of appellee tends to show that afterwards the appellant Keller was notified, while the scrip was still in his possession as cashier of the bank, that it belonged to the appellee; that he had purchased the same from Roberts.

Without going into detail in setting out the evidence, it is sufficient to say that there was testimony to warrant a finding by the jury that appellant was notified by G. P. Roberts, who delivered the scrip to Burnsides, that the scrip was deposited in the bank with the understanding that it was to be held by the bank for the benefit of Burnsides if he had to pay the amount of appellee's bond, but, that, unless he did have such bond to pay, the scrip was to be held for the benefit of Roberts. The proof tended to show, on behalf of appellee, that he afterwards purchased the scrip from Roberts, paying him the sum of fifty cents on the dollar therefor, and that appellant was notified of such purchase.

The evidence also tended to show that Roberts, before he sold the scrip to appellee Sawyer, notified appellant Keller that the scrip belonged to him and demanded the same of him, and that Keller refused to deliver the same to Roberts; that he was also notified by appellee. after he had purchased the scrip, that same belonged to him, and demand was made upon him for same and he refused to deliver it.

The testimony on behalf of appellant tended to show that the scrip in controversy was delivered to him as cashier of the bank by Burnsides for safe-keeping, and that at the time same was deposited with him for safe-keeping he did not know of any interest of G. P. Roberts or appellee in the scrip; that he held the scrip for Burnsides, and when Burnsides demanded the same he delivered it to him.

Without going into detail, there was evidence sufficient to warrant a finding that Burnsides did not have to pay any bond for appellee, and that the scrip therefore was the property of appellee, and that appellant delivered the same to Burn-

sides after he had been notified and had knowledge of appellee's claim to the scrip and after demand had been made upon him for the same. Also that he delivered the scrip to Burnsides after he had knowledge of the facts upon which appellee based his claim to the scrip.

The appellant, in his brief, objects to certain instructions of the court. He sets out in his brief instructions numbered 1, 3 and 4, but does not show that objections to these instructions were made at the time and that exceptions were saved to the giving of them; nor does he set out instruction No. 2 given by the court. He does not abstract his motion for a new trial, if there was such motion, nor show that the giving of these instructions were objected to and that exceptions were saved and the rulings of the court reserved as error in his motion for a new trial. The refusal to give a certain instruction can not be relied upon as error unless all of the instructions are set out in the abstract. *DeQueen & Eastern Ry. Co.* v. *Thornton,* 98 Ark. 61.

There is no reference whatever to any motion for a new trial in appellant's brief. In the absence of such reference, and the overruling of the same, we can not determine that there was any error in the rulings of the court. *Reeves* v. *Hot Springs,* 101 Ark. 430; *Files* v. *Tebbs,* 101 Ark. 207; See also *Neal* v. *Brandon,* 74 Ark. 320; *Carpenter* v. *Hammer,* 75 Ark. 347; *Shorter University* v. *Franklin,* 75 Ark. 571.

Appellants also contend that the court erred in admitting the deposition of the appellee, but appellants do not show that the admission of this deposition was made a ground in their motion for a new trial, if there was such motion. There is nothing, therefore, in this record upon which to predicate error. There was evidence to sustain the verdict, and, in the absence of an abstract showing the instructions of the court and a motion for a new trial assigning as error the giving of the same, we must assume that the jury was properly instructed. We must also assume that there was no error in the admission of testimony.

The verdict of the jury was too indefinite to be the basis of a judgment, because the jury failed to find and set out in its verdict the value of the scrip. This is shown in the verdict itself, as set forth in appellant's brief. The statute provides

that "the jury must assess the value of the property whenever, by their verdict, there will be a judgment for the recovery or return of the property." Kirby's Digest, § 6867. See also *Eaton* v. *Langley*, 65 Ark. 448-60.

There was no error in the finding in favor of appellee as to the ownership of the scrip in controversy, and the error in failing to find the value thereof will be cured and the prejudice to appellants removed by fixing the value at the lowest sum that the jury could have found from the testimony. It appears that the justice of the peace fixed the value of the scrip at $150, or fifty cents on the dollar. There was also testimony tending to show that the scrip was sold by the owner to appellee at the sum of fifty cents on the dollar. This is the lowest value which the scrip is shown to have had, The testimony of appellant Keller shows that he had paid sixty cents on the dollar for some of the scrip.

The judgment of the circuit court in favor of appellee for the scrip or its value will be affirmed, and judgment entered here in favor of the appellee fixing the value of the scrip at $150, provided the appellee will accept this by filing his written acceptance in this court within ten days; otherwise the judgment will be reversed and the cause remanded for a new trial.