### J. W. WILBON v. HOWARD AND BARNES.

#### (Filed 26 October, 1921.)

**Appeal and Error—Verdict—Exclusion of Questions of Law Presented.**

> Where the question of law presented on appeal is as to whether one partner may be an independent contractor of the firm so as to exclude liability of the other, and the verdict of the jury has excluded the question of independent liability as a matter of fact, without error committed by the court, the answer to this issue, so found, excludes the question of law presented for decision on appeal.

APPEAL by defendant, J. B. Barnes, from *Connor, J.,* at March Term, 1921, of WAKE.

Civil action instituted by J. W. Wilbon against George W. Howard and J. B. Barnes to recover damages for injuries sustained by plaintiff in a collision between a buggy in which he was riding and an automobile truck driven at the time by one Bill Lawrence.

The defendant, J. B. Barnes, alone appeals from the judgment below, and the sole question presented is whether or not the driver of the truck,

admittedly the agent of Howard, was also the agent of the appellant at the time of the injury. Howard & Barnes were partners in the business of buying and selling tobacco; but it is contended that Howard alone was responsible for the hauling of the tobacco and that, with respect to this work, he was an independent contractor in his relations to the partnership firm.

Upon the single or dual agency of the driver, the evidence was conflicting, and the question was, therefore, submitted to the jury with the following result:

"1. Was the plaintiff injured by the negligence of the defendants, or of either of them, as alleged in the complaint? Answer: Yes.

"2. If so, did plaintiff by his own negligence contribute to his injury as alleged in the answer? Answer: No.

"3. Was the driver of the truck the agent of both defendants as partners at the time plaintiff received the injuries, as alleged in the complaint? Answer: Yes.

"4. What sum, if any, is plaintiff entitled to recover of defendants, or either of them, as damages? Answer: $4,500."

From a judgment on the verdict in favor of plaintiff and against both defendants, the defendant, J. B. Barnes, appealed.

*Douglass & Douglass* for plaintiff.
*J. R. Baggett, and Manning, Bickett & Ferguson* for J. B. Barnes.

STACY, J. Counsel for appellant in this case have filed an interesting and elaborate brief, with citation of authorities, in support of the position that a member of a copartnership may become an independent contractor, with respect to a given piece of work, in his relation to the partnership firm of which he is a member. *Chicago Hydraulic Press Brick Co. v. Campbell,* 116 Ill. App., 322, and *Burns v. Michigan Paint Co.,* 152 Mich., 613, 16 L. R. A. (N. S.), 816 and note. It is contended that such was the position of Howard in hauling the tobacco—the partnership extending only to the buying and selling of the tobacco—and that he alone should be held liable for the negligence of the truck driver who was engaged in this work at the time of the plaintiff's injury. There was evidence pro and con on this point, but we think it is settled by the jury's answer to the third issue. The crucial fact has been found against the appellant's contention. Hence, the legal questions, debated before us, do not seem to be presented on the record. We have found no error, and the judgment below will be upheld.

No error.