ELLIS & LEWIS *v.* WARNER.

Opinion delivered October 7, 1929.

*Chas. A. Walls,* for appellant.

*Trimble, Trimble & McCrary* and *Reed & Beard,* for appellee.

McHANEY, J. Ellis & Lewis, a partnership composed of A. C. Ellis and C. S. Lewis, appellants, were contractors engaged in the construction of a rock road from Lonoke, in Lonoke County, to Beebe, in White County. They employed about thirty persons with trucks for the purpose of hauling crushed rock or gravel from Lonoke to be distributed along the public highway as and where directed by appellants. These haulers furnished their

own trucks, paid all expenses of their operation, worked as and when they desired, and were paid twenty cents per ton per mile haul. Among those so employed was one Jack Cooper, who, in September, 1928, was seventeen years of age. On September 27, 1928, while driving his empty truck south back to Lonoke for another load, and while driving through loose rock or gravel on said highway at a speed of about thirty miles per hour, said Cooper ran his truck against appellee, causing serious bodily injuries. This suit was brought against said Cooper and appellants to recover damages for said injuries, but before the trial appellee dismissed as to Cooper. The trial proceeded against appellants, resulting in a verdict and judgment against them for the sum of $2,000.

The first question we are called upon to decide is whether, under the facts, the court should have told the jury that Cooper was an independent contractor, as a matter of law, and therefore that appellants were not liable for his negligent acts.

"An independent contractor," says Judge Elliott, "may be defined as one who, in the course of an independent occupation, prosecutes and directs the work himself, using his own methods to accomplish it, and represents the will of the company only as to the result of his work." 3 Elliott on Railroads, 3d ed., § 1407, page 70. This definition was quoted with approval in *St. L. I. M. & So. Ry. Co.* v. *Gillihan*, 77 Ark. 117, 92 S. W. 793, and in *J. W. Wheeler & Co.* v. *Fitzpatrick*, 135 Ark. 117, 205 S. W. 302. Continuing the quotation from the above section, the learned author says: "Generally, when an independent contractor is employed to perform a work lawful in itself and not intrinsically dangerous, the company, if it is not negligent in selecting the contractor, is not liable for the wrongful acts or negligence of such contractor, and, in order that the company shall be liable in such a case, it must appear that it either exercised, or reserved the right to exercise, control over the work, or had the power to choose, direct and discharge the employees of the contractor. In general, it may be said that the liability of

the company depends upon whether or not it has retained control and direction of the work."

In 14 R. C. L., page 75, it is said that: "Cartmen, truckmen and draymen are generally held to be independent contractors, though the contrary view is sometimes taken of their employments where their employers exercise considerable control over them." A case cited to support this statement of the law is *Burns* v. *Michigan Paint Co.*, 152 Mich. 613, 116 N. W. 182, 16 L. R. A. N. S. 826, where "a licensed expressman, who delivered goods for defendant for $15 a week, furnishing a horse and wagon, not being bound to do the work personally, being free to do similar work for others, and placing defendant's sign on his wagon when working for it, was an independent contractor, and not defendant's employee, and hence defendant is not liable for injury to a third person caused by his negligence."

A number of our own cases have been cited by appellant's counsel, which we have carefully considered. We have reached the conclusion that the trial court did not err in refusing to instruct a verdict for appellants, and in refusing to declare as a matter of law that Cooper was an independent contractor. But we have also reached the conclusion that the court did err in refusing to submit this question to the jury.

In the case of *Wheeler* v. *Fitzpatrick, supra*, the court quoted with approval from *Overhouser* v. *American Cereal Co.*, 128 Iowa 580, 105 N. W. 113, the following:

"The expression 'an independent contractor', within the popular understanding which the words import, is wholly descriptive. The expression serves merely to point out one of a class, and when so used it may be conceded that no words of definition are needed. But in the law of negligence the expression is used, not merely in a descriptive sense, but as well to designate a relationship, in the presence of which, when established, the law undertakes to prescribe distinctive rights and liabilities. It is for the court then as a matter of law to define the

relationship, and for the jury to make finding of the fact as to its existence.''

So here the court should have declared the law defining the relationship, and have left the question of its existence to the jury. Even though the jury should find that this relationship did exist, still appellant might be held liable, if the jury should further find that appellants were negligent in employing Cooper as an independent contractor to do this work. He was only seventeen years old, was driving rapidly in loose rock over an important highway, which appellants knew—one much used by the public, and which the public had the right to use. The jury would or should take into consideration all the facts and circumstances in the case in determining this question.

Other questions are argued in the brief of appellants, including the improper questions asked the physicians as to who paid his bill, and whether the insurance company paid him. We think they were improper, and should not have been asked. It was sufficient for the jury to know that the bill had been paid, and that it was not an item of expense incurred and paid by appellee. The record shows, however, that the court sustained counsel's objection to the question regarding payment by the insurance company, and instructed the jury not to consider it. No objection was made to the previous questions, and we would not reverse the case on this account. Nor do we think appellee was guilty of contributory negligence as a matter of law, but that it was a question for the jury. The court properly submitted this question.

For the error indicated the judgment will be reversed, and the cause remanded for a new trial. It is so ordered.