RAMEY *v.* BAKER.

Opinion delivered January 12, 1931.

N. F. *Lamb* and *Dudley & Dudley,* for appellant.

*Claude B. Brinton,* for appellee.

HUMPHREYS, J.   Appellees brought suit against appellants in the Circuit Court, First Division, Jonesboro District, to recover an alleged unpaid balance of $1,948.34, upon an oral contract to clear certain right-of-way and grub a portion thereof for a State road between Bono in Craighead County, and Sedgwick in Lawrence County. A summons was issued upon the complaint and served by a deputy sheriff of said county who made the following written returns thereon:

"State of Arkansas, County of Craighead—ss.

"On the 30th day of October, 1929, I have duly served the within writ by delivering a copy and stating the substance thereof to the .within named Alex Ramey and Forcum & James, a corporation, by delivering a copy of summons to Alex Ramey, agent of said corporation, as I am hereby commanded.

"W. Y. Nash, Sheriff,

"By W. F. Lane, D. S."

"State of Arkansas, County of Craighead—ss.

"On the 30th day of October, 1929, I have duly served the within writ by delivering a copy and stating the substance thereof to the within-named Forcum-James Company, a foreign corporation organized under the laws of the State of Tennessee, by delivering a copy of said writ to Alex Ramey, agent of said corporation, in charge of the business of said corporation at Bono, Arkansas, and duly authorized to receive service of summons at said place.   That said service was had at their

place of business of the corporation, and he acknowl-ledged said service for said corporation as I am hereby commanded to do.

"W. Y. Nash, Sheriff,

"By W. F. Lane, D. S."

Appellants appeared for the sole purpose of filing a motion to quash the summons on the ground that the service thereof did not meet the requirements of § 1152 of Crawford & Moses' Digest, relative to service on foreign corporations doing business in this State.

Appellees filed a response to the motion alleging that the service was sufficient.

Neither the motion nor the response were sworn to and no testimony was introduced upon the issue joined, return of the summons being the only evidence relating to the service of the summons. The motion was over-ruled by the court over appellant's objection and excep-tion, and the correctness of the ruling of the court is one of the questions for determination by this court.

Appellants then filed a joint and separate answer denying the material allegations of the complaint in which they reserve the issue of the sufficiency of the service.

The cause was submitted to a jury upon the plead-ings, testimony and instructions of the court which re-sulted in a verdict and consequent judgment against appellants for $1,367.12, from which is this appeal.

The first contention made by appellants for a re-versal of the judgment is the alleged insufficiency of the service. The return upon the summons reflects that it was served upon appellant, Forcum-James Company, a foreign corporation, by delivering a copy and stating the substance thereof, to Alex Ramey at its place of business at Bono, Arkansas, who was duly authorized to receive service of said summons at said place. In serving the summons every requirement of the statute was complied with, and the service thereof was sufficient. It is not necessary for a foreign corporation to own or rent a building in which it conducts its business in order that

legal service may be obtained upon it by delivering a copy of the summons to its agent in charge of its business. The requirement of the statute is that summons must be served upon its agent at its place of business, and that means on the agent in charge of its business at any place, irrespective of kind or character, at which it conducts and operates its business. *Arkansas Power & Light Co.* v. *Hoover, post* p. 1065, and the cases cited therein.

The next contention made by appellants for a reversal of the judgment is that the court erred in admitting in evidence Exhibit D to the testimony of L. C. Baker, purporting to be a statement of account between the parties. We know of no reason why a party may not make up a statement in writing of debits and credits covering any transaction made the basis of his suit, testify to the correctness or each item and introduce the statement in evidence. It might be objected that the original book entries of the debits and credits were the primary and best evidence if books covering all or any of the items were kept, but this objection was not specifically made to the introduction of the statement.

Appellants' next and last contention for a reversal of the judgment is that the verdict is not supported by the evidence.

Appellees testified that they entered into a contract with appellants to clear certain right-of-way between given points and to grub a certain portion thereof, at fixed prices per acre for clearing and grubbing, and were to remove the refuse from the right-of-way; that they cleared 82.75 acres for which they were to receive $25 per acre and grubbed 57.75 acres for which they were to receive $75 per acre; that they complied with the contract in every particular until prevented from completing a small part of the work by appellants who employed their dynamiter and other employees. They testified to the correctness of each item of debit and credit in their statement and to the balance due them under the terms of the contract.

Witnesses for appellants testified that under the contract with appellees they were required, not only to remove the refuse from the right-of-way, but were to burn same if required to do so by the highway engineer, and that appellants were required, at great expense, to clear up and burn the refuse left by the appellees near the right-of-way. Also that appellees cleared only 25.87 acres for which they were entitled to $25 per acre and only grubbed 44.63 acres, for which they were entitled to $75 per acre, and that they paid appellees all that they owed them for work.

It will be seen that the evidence was conflicting as to the terms of the contract, the number of acres cleared, the number of acres grubbed, etc. In view of the conflict in the testimony upon all material issues and that appellees' version of the contract and the performance thereof is supported by substantial evidence, the verdict and judgment cannot be reversed on appeal.

No error appearing, the judgment is affirmed.

HART, C. J., and SMITH, J., dissent.