CHAPMAN & DEWEY LUMBER COMPANY *v.* ANDREWS.

4-4192

Opinion delivered February 24, 1936.

*Buzbee, Harrison, Buzbee & Wright* and *Joe C. Barrett,* for appellant.

*Richardson & Richardson,* for appellee.

McHANEY, J. Appellee sued appellant for damages for personal injuries sustained by him, a broken leg, when he was struck by a piling which he was assisting in loading at appellant's piling yard at Weona, Arkansas. The action was defended on the ground, among others, that appellee was not in its employ, but that the loading of piling at its Weona yard on board cars was let to an independent contractor, one Haley, and that, if appellee were negligently injured, it was an act for which Haley was responsible, and not appellant. Trial resulted in a verdict and judgment against appellant for $3,000.

For a reversal of said judgment, appellant first urges that the trial court erred in refusing to direct a verdict in its favor on the ground that appellee was not in its employ, but in the employ of said Haley who, it is contended, was an independent contractor. In other words, we are asked to say, as a matter of law, that appellee was not appellant's employee, but that of Haley, and that Haley was an independent contractor. This

question was submitted to the jury upon instructions requested by both parties, which fully covered the law of independent contractor.

We cannot agree with appellant that the court erred in refusing its request for a directed verdict in its favor. On the contrary, we are of the opinion that the question was one for the jury. We have many times held that "an independent contractor is one who, in the course of an independent occupation, prosecutes and directs the work himself, using his own methods to accomplish it, and represents the will of the employer only as to the result of his work." Headnote, *Ellis & Lewis* v. *Warner,* 180 Ark. 53, 20 S. W. (2d) 320. Also that such status is usually a question of fact for the jury. It is the duty of the court to define the relationship, and for the jury to determine its existence. *Ellis & Lewis* v. *Warner, supra.* In this case, the facts are sufficient to take the question to the jury. While it is true that Haley had a contract to load piling for appellant at so much per lineal foot, and that he paid appellee for loading piling at Weona, it is also true that appellant directed the loading, what, when and how to load, and directed appellee and the other employees in such work, furnished all the utensils and tools, except the team of mules, used in the loading. It kept a foreman or inspector on the job at all times, whereas Haley was frequently not there. These facts are sufficient, if believed by the jury, to show that Haley was an employee of appellant, and that it retained and exercised control over the work, and that he did not represent the will of appellant only as to the result of his work. See *Hobbs-Western Tie Co.* v. *Carmical, ante* p. 59, 91 S. W. (2d) 605.

Error is also assigned and urged for a reversal of the judgment because of the admission of certain testimony over its objections and exceptions. It is said that appellee was erroneously permitted to testify as to work done for appellant in loading piling at its Marked Tree yards. An examination of his testimony, as abstracted by appellant, shows that such information as was elicited on this subject was first brought out on cross-examination. On redirect examination he was further questioned about

his work at the Marked Tree yards. We do not think any prejudicial error was committed, but, if so, it appears to have been invited. Also it is said that the testimony of three other witnesses for appellee in the employ of appellant should have been excluded because of vagueness as to the time of their work with reference to the time of appellee's injury, both before and after the injury. We think their testimony as well as that of appellee was competent as bearing on the issue of independent contractor.

It is finally argued that the judgment is a nullity, because the First or Civil Division of the Poinsett Circuit Court, in which the case was tried, was not in session. The record shows that at 8 o'clock A. M., May 13, 1935, the day fixed by law, the first division of said court was opened by Judge Killough, one of the regular judges of said court, pursuant to agreement with Judge Keck, the other judge, who was absent. After court was opened, Judge Killough "became unable to continue to hold such court," and a special judge was elected pursuant to law. It is contended that, since Judge Keck was absent, Judge Killough, whose duty it was to hold court on the same day in another county, had no power to open court for Judge Keck in Poinsett, then go away, and have a special judge elected. By act 138 of 1911, two divisions of the circuit court of the Second Judicial Circuit were provided for, and that the two judges shall determine between themselves in which division each shall preside, and that they "may alternate at their option and by agreement in the holding of the courts of said two divisions * * *." The record shows the two judges agreed that Judge Killough should hold this court in Poinsett County, and that he did, pursuant to that agreement, open court, but became "unable to continue to hold such court." Just why he became unable to continue is not reflected in the record, except in appellant's motion for a new trial.

We think the court was properly constituted, in session with a properly elected special judge, and that the judgment rendered is valid.

It follows that the judgment must be affirmed. It is so ordered.