BLACK SPRINGS LUMBER COMPANY *v.* PALMER.

4-4343

Opinion delivered June 29, 1936.

*W. L. Parker, Jerry Witt* and *Pryor & Pryor,* for appellant.

*Osro Cobb* and *Isgrig & Robinson,* for appellee.

McHANEY, J. Appellee was severely injured when a tree he and another were engaged in cutting in Montgomery county fell upon his right leg, breaking and crushing the bones therein just above the ankle. He brought this action in Polk county to recover damages for said injuries, which resulted in a verdict and judgment in his favor for $6,500. He alleged that he was a timber cutter in the employ of appellant, felling trees on its property and sawing them into logs; that on May 1,

1934, while engaged in felling a crooked tree, under the immediate direction of his foreman, so as to throw it across and bring to the ground another tree that had become lodged in a standing tree, his fellow-servant, one Barney Wilson, without waiting for his customary signal to remove the saw, suddenly jerked same, causing him to lose his balance and to fall to the ground in the path of the falling tree which caught him; and that the foreman was negligent in directing the cutting of that particular tree under the circumstances. Appellant moved to quash the service had upon it on the ground hereinafter discussed which was overruled. It defended on the grounds of assumed risk, and that appellee was not its employee, but an employee of William Dalton, an independent contractor.

For a reversal of the judgment against it, appellant assigns and argues five errors of the trial court as follows:

1. That the court erred in refusing to quash service. The return of the sheriff shows that service was had on appellant by delivering a copy of the writ to O. B. Witherspoon, its agent in Polk county. Appellant operates a branch plant at Eagleton, in Polk county, under the name of Witherspoon Lumber Company, and O. B. Witherspoon is the manager of said branch office, and lives in Mena, in said county, some twelve miles distant from Eagleton. Service was had on him at his home in Mena, instead of serving him at his office in Eagleton. Service was had under § 1152, Crawford & Moses' Digest, which provides that foreign and domestic corporations who maintain a branch office or other place of business in any of the counties of the State shall be subject to suit in any of the courts of said counties, "and service of summons or other process * * * upon the agent, servant or employee in charge of said office or place of business shall be good and sufficient service," etc. It is contended by appellant that the service, to be good, must be had on its agent at its office or place of business, and not at his residence in another city or town. The statute does not so provide. We think its meaning is that suits may be brought against a corpora-

tion in any county in which it has a branch office or other place of business by serving any agent, servant or employee who "is in charge of said office or place of business," at any place he may be found in such county. The language used by this court in *Ramey* v. *Baker*, 182 Ark. 1043, 34 S. W. (2d) 461, and relied on by appellant, that: "The requirement of the statute is that summons must be served upon its agent at its place of business" is, standing alone, misleading, but the next sentence is explanatory and says: "and that means on the agent in charge of its place of business at any place, irrespective of the kind or character in which it conducts or operates its place of business." This language must be considered in connection with the facts and circumstances of that case, and we think the court did not mean to hold that service must be had, under the statute, at the office or place of business. Witherspoon was the manager of appellant's branch office at Eagleton when at his home in Mena, and we hold the service good.

2. That the evidence is insufficient to support the verdict, and that its request for a directed verdict in its favor should have been given. We cannot agree. Appellee's evidence was to the effect that he was the axman in working with his fellow-servant, Barney Wilson; that he notched the tree to be felled to control the course of its fall; that he and Wilson then sawed the tree, and, when it was ready to fall, he gave the signal to Wilson to remove the saw; that upon this occasion Wilson jerked the saw out without waiting for his signal, and before he was ready for it to be removed, as he wanted to cut his corner another stroke or two to better control the direction of the fall, which unexpected jerk caused him to lose his balance and fall to the ground with his head down hill, preventing his escape from the falling tree; and that, theretofore, Wilson had always awaited his signal and had never jerked the saw out prior thereto. In this respect this case differs from the recent case of *Union Sawmill Co.* v. *Hayes, ante* p. 17, 90 S. W. (2d) 209, relied upon by appellant. A careful reading of that case will disclose that there was no negligence on the part of the master, and that the injuries received were the re-

sult of the ordinary dangers and hazards incident to felling of trees, which were assumed by the servant. Here there is proof of a positive negligent act on the part of the fellow-servant which was not assumed by the appellee as a matter of law. The questions of contributory negligence and assumption of risk were submitted to the jury under instructions not complained of. We think there was substantial evidence to take the case to the jury, and the court did not err in refusing the request for a peremptory instruction.

3. It is next contended by appellant that its logging operations were let to one William Dalton, an independent contractor, and that appellee was his employee, and that he alone is liable for appellee's injuries, if any one is. Appellant introduced a written contract between it and Dalton, which, standing alone, would make Dalton an independent contractor. But this is not all the evidence on the subject. Appellee and others in the same work, testified they were employed by appellant, worked for it, were paid by it, and that deductions were made from their pay for medical treatment and insurance without their consent. Appellant also reserved and exercised the right to direct Dalton when and where to work, when to shut down operations, the lengths of logs and kind of timber to cut. It owned the teams used and its name was painted on the trucks operated by Dalton. There are other facts and circumstances in evidence, but those above detailed are sufficient to take the question to the jury. For recent cases on the subject see *Hobbs-Western Tie Co.* v. *Carmical, ante* p. 59, 91 S. W. (2d) 605, and *Chapman & Dewey Lumber Co.* v. *Andrews, ante* p. 291, 91 S. W. (2d) 1026.

4 and 5. Error is assigned in the admission of certain testimony, and in the giving and refusal of certain instructions. We think it unnecessary to discuss these matters in detail. We have carefully examined them, and find no prejudicial error in either assignment. The close point in the case is the sufficiency of the evidence, but we are of the opinion it was sufficient to make a jury question.

Affirmed.