BOONE *v.* MASSEY.

4-8313                                    205 S. W. 2d 454

Opinion delivered November 10, 1947.

*Bob Bailey, Jr.,* and *Bob Bailey,* for appellant.

*Jeta Taylor, Yates & Yates* and *Partain, Agee & Partain,* for appellee.

MINOR W. MILLWEE, Justice. Appellees, Theodore T. Massey and Odel Massey, father and son, brought this action in the Franklin Circuit Court seeking damages for personal injuries allegedly sustained by them when the wagon in which they were riding was struck from the rear by a truck being driven by appellant, Bill Spillers, as the servant of appellants, S. O. Boone and Ira Taylor. Trial to a jury resulted in a verdict and judgment in favor of Theodore T. Massey for $4,000 and Odell Massey in the sum of $100.

For reversal of the judgment it is first insisted that the trial court erred in refusing to direct a verdict in favor of appellants, Boone and Taylor, because of the insufficiency of the evidence to support a finding by the jury that Bill Spillers, the driver of the truck, was employed by them at the time of the collision. The evidence discloses that the collision occurred on U. S. Highway No. 64 at a point about 2½ miles east of Altus, Arkansas. Appellants, Boone and Taylor, are partners and own and operate a mill and lumberyard at Atkins, Arkansas. At the time of the collision Spillers was returning from Clinton, Missouri, where he had hauled a load of lumber from the plant of Boone & Taylor. The truck belonged to Boone & Taylor and Spillers tried to contact them by telephone soon after the collision, but they were not at the plant. The sheriff of Franklin county then called appellant Boone and informed him that Spillers had left with the truck and advised Boone to come to Altus and take care of the appellees.

The next day Mr. Boone came to Altus and, according to the testimony of appellee, Theodore T. Massey, Boone admitted that Spillers was driving for the partnership. Boone directed Spillers to write a check to Dr. Pilstrom of Altus for his services in treating appellees. Boone and Taylor then took appellees to Dr. Mobley at Morrilton for further examination and treatment. Appel-

lant, Ira Taylor, paid Dr. Mobley for his services and appellees were then taken to Scotland, Arkansas, their destination. An employee of Boone & Taylor also hauled the wagon and team to Scotland.

It was admitted by the driver that appellee, Theodore T. Massey, requested Boone and Taylor not to discharge Spillers on account of the collision, and that no contention was made at that time that Spillers was not employed by the partnership. In his testimony, Spillers referred to Boone and Taylor as his "bosses" and there was evidence that he made similar references immediately following the collision.

Appellants testified that the driver of the truck was operating under an oral lease agreement whereby Spillers rented the truck from the partnership, bought the lumber at the mill, and resold it to others. Spillers testified that he paid Boone & Taylor $7.00 per thousand lumber feet for the use of the truck, and that the same charge was made regardless of the length of the haul; that he had paid for the lumber after he had made the haul and would sometimes use partnership funds to buy lumber from other mills; and that he paid all operating expenses of the truck. He was unable to produce any record of these sales, but appellant, Ira Taylor, introduced several bills in his handwriting, in pencil, purporting to show sales of lumber to Spillers. These invoices contain endorsements showing the dates of sale to, and payment by, Spillers. The endorsement showing payment in each instance bears a date ranging from 21 days to 13 months earlier than the date of sale although Spillers testified that he paid for the lumber after he sold it. Taylor also testified that he could take the truck from Spillers at any time and that he did so soon after the accident.

It will thus be seen that the testimony is in dispute as to whether Spillers was an employee of Boone & Taylor at the time of the collision. In *Wright* v. *McDaniel*, 203 Ark. 992, 159 S. W. 2d 737 this court said: "Practically all authorities hold that where it is claimed that an oral contract exists, and it is one which the employer may terminate at any time, it is a question for the jury whether

the relation is that of an independent contractor or master and servant." It was further said in that case: "It is frequently asserted that whether the relation of master and servant exists in a given case is usually a question of fact. Where the contract is oral and the evidence is conflicting, or where the written contract had become modified by the practice under it, the question as to what relation exists is for the jury under proper instructions. If the contract is oral, and if more than one inference can fairly be drawn from the evidence, the question should go to the jury whether the relation is that of employer and independent contractor or that of master and servant. Moll, Independent Contractors and Employers Liability, p. 62, *et seq.*"

In the case of *Hobbs-Western Co.* v. *Carmical,* 192 Ark. 59, 91 S. W. 2d 605, it was claimed that Williams, the driver of the vehicle involved in a collison, was an independent contractor and not an employee of Hobbs-Western Company, and Justice BUTLER, speaking for the court, said: "Appellants insist that as the undisputed evidence is to the effect that Williams furnished his own method of conveyance, bore the operating expenses of his truck, and for his services was paid a stipulated sum, this establishes his relationship with the appellant company as that of an independent contractor. This contention overlooks the evidence which tends to show the control retained over the work by Westmoreland. A reasonable inference to be drawn from the evidence is that Westmoreland intended to, and did, retain the right to give directions in regard to the details of the work. In the case of *Ice Service Co.* v. *Forbess,* 180 Ark. 253, 21 S. W. 2d 411, we said: 'The conclusion as to the relationship must be drawn from all the circumstances in proof, and where there is any substantial evidence tending to show that the right of control over the manner of doing the work was reserved, it became a question for the jury whether or not the relation was that of master and servant.' " A similar conclusion was reached in *Ellis & Lewis* v. *Warner,* 180 Ark. 53, 20 S. W. 2d 320; *Arkansas Power & Light Co.* v. *Rickenback,* 196 Ark. 620,

119 S. W. 2d 515; and *Ozan Lumber Co.* v. *Tidwell,* 210 Ark. 942, 198 S. W. 2d 182.

There are many circumstances in evidence in the case at bar from which the jury may have reasonably concluded that appellants, Boone & Taylor, retained and exercised a degree of control over the work of Spillers which only subsists under the relationship of master and servant. The question of the relationship was properly submitted to the jury under evidence that was substantial and sufficient to support the verdict on this issue.

It is next insisted that error was committed in the admission of certain testimony. Appellee, Theodore T. Massey testified on direct examination that he had passed two physical examinations for employment by a railroad company in Oklahoma a short time prior to his injuries. Counsel for appellants cross-examined the witness at considerable length concerning these examinations, and on redirect examination, counsel for appellees asked Massey if he had a written report of such examination and he replied in the affirmative. The witness identified a paper exhibited by his counsel as being the report of such examination. Appellants objected and counsel for appellees then announced that he would not offer the paper in evidence. Although the report was not introduced, counsel for appellants contends that he was placed in an "unfair position" before the jury when Massey was permitted to state that he had a written report of the examination. This testimony was in response to a rigid cross-examination of the witness concerning his alleged examination and employment by the railroad company prior to his injury, and was admissible as a circumstance to rebut the inferences arising from such cross-examination. There was no error prejudicial to appellants in the admission of this testimony.

At the conclusion of the testimony on behalf of appellants, appellees recalled Spillers for further cross-examination. At this point Spillers was asked whether he had a social security card. Appellants objected and requested the court to strike the testimony of the witness. This testimony was proper since it was in rebuttal

to the testimony offered by appellants on the question whether the relationship of master and servant existed at the time of the accident. There was no abuse of the trial court's broad discretion in permitting the witness to be recalled in rebuttal on this issue.

It is also argued that the court erred in giving instructions Nos. 2 and 10 at the request of appellee, and in refusing to give instructions Nos. 12 and 14 requested by appellants. The instructions are not abstracted, but appellants in their argument set out the particular instructions which they now contend were erroneously given or refused. Instruction No. 10, given at the request of appellees, defines concurring negligence. This issue arose from the testimony of Spillers to the effect that an unidenitfied driver of another automobile proceeding in the same direction passed Spillers at a high rate of speed at the time of the collision causing him to strike appellees' wagon. It is argued that this instruction would permit a recovery regardless of the negligence of appellees. The instruction is not subject to this objection. It specifically provided that if one act of negligence concurred with one or more negligent efficient causes ''other than the fault of the injured persons,'' then the person charged with negligence is not relieved of liability because his was not the sole negligence causing the injuries.

Instruction No. 2, given at the request of appellees, is a finding instruction conforming to the issues and evidence offered by appellees on the alleged negligence of appellants. The instruction is long and we do not set it out here. The form of the instruction has been approved by this court in numerous cases and we find no merit in appellants' contention that there was no testimony which warranted the giving of the instruction.

The trial court correctly modified instruction No. 14 offered by appellants. The instruction is as follows: ''You are instructed that if you find from the testimony in this case that the plaintiff was guilty of contributory negligence at the time and place of the alleged accident, or if his conduct and manner of driving of his vehicle

contributed in any manner to his alleged injuries, then if you so find, your verdict should be for the defendants, *unless you further find that the driver of the truck discovered the plaintiffs in a position of peril, on said highway, if you find that they were in such position, in time to have in the exercise of ordinary care on his part avoided striking them after such discovery by him, if any.*" The court modified the instruction by adding that part of the instruction appearing in italics. The doctrine of discovered peril was an issue in the case and the modification correctly stated the applicable law as declared by this court in *Sylvester* v. *U-Drive-Em System,* 192 Ark. 75, 90 S. W. 2d 232, and cases there cited. In that case the court quoted with approval from *St. Louis, S. W. Ry. Co.* v. *Simpson,* 184 Ark. 633, 43 S. W. 2d 251, as follows: "The discovered peril doctrine, or the doctrine of last clear chance, as it is sometimes called, constitues an exception to the rule that the contributory negligence of the plaintiff is a bar to his action. Under this doctrine, where one discovers the perilous situation of another in time, by the exercise of ordinary care, to prevent injury to him, it is his duty to do so, which is regarded in law as the proximate cause of the injury, and this, too, regardless of the contributory negligence of the injured person. Such a person is regarded in law as having the last clear chance to prevent injury or death to another, and it is his duty to do so."

Since appellants have not abstracted other instructions given and refused, they are not in position to contend that the trial court erred in refusing to give instruction No. 12 requested by them. Conceding the correctness of the instruction, it may have been fully covered in the instructions given but not abstracted, and we are not required to explore the record to determine such matters. In *Keller* v. *Sawyer,* 104 Ark. 375, 149 S. W. 334, this court said: "The refusal to give a certain instruction cannot be relied upon as error unless all of the instructions are set out in the abstract. *DeQueen & Eastern Ry. Co.* v. *Thornton,* 98 Ark. 61, 135 S. W. 822."

It is finally contended that the verdicts are excessive. Appellees were thrown violently from the wagon when the truck driven by Spillers struck the left rear wheel of the wagon. The testimony discloses that Odell Massey, who was 13 years of age, was unconcious for a short time and suffered a cut on his knee which left a small scar. He suffered some pain and, while he was not seriously injured, the award of $100 cannot be said to be excessive.

Appellee, Theodore T. Massey, was 58 years of age at the time of the accident and sustained a fractured arm and shoulder and other injuries to his back and hip. Dr. Pilstrom testified that his injuries were permanent and that appellee had reached his maximum recovery at the time of the trial. He gave it as his opinion that Massey suffered a permanent disability of 45 or 50 per cent. to his left arm on account of the injury and that he could not do manual labor. Massey suffered considerable pain immediately following the accident and still suffered at the time of the trial particularly from the injuries to his back and hip. He testified that he earned $7.50 to $15 per day working for a railroad and on other jobs prior to his injuries, but that he had been unable to do any kind of labor since. We are unable to say that the jury was actuated by passion or prejudice in fixing the amount of his damages at $4,000.

The record is free of prejudicial error and the judgment is affirmed.