The Honorable Jim Stallcup Prosecuting Attorney Third Judicial District 225 West Elm Walnut Ridge, AR 72476
Dear Mr. Stallcup:
This is in response to your request for an opinion on the following questions:
 1. Can a prosecuting attorney contract with an individual via a professional services contract to serve as a multidisciplinary team (MDT) coordinator? A description of the coordinator's and MDT's functions are enclosed.
 2. If the answer to Question No. 1 is "yes," assume the prosecuting attorney has contracted with an individual and the coordinator is working on a case and has a car wreck. Is the prosecuting attorney and/or the State liable?
It is my opinion that the answer to your first question is "yes." The material attached to your request was developed by the Arkansas Commission on Child Abuse, Rape and Domestic Violence ("Commission"), pursuant to its power and duty to, interalia, "[f]acilitate the development of, on a local level throughout the state, and provide support, coordination, and technical assistance to, multidisciplinary teams, the purpose of which is to provide coordinated investigation and service delivery to victims of child abuse and child sexual abuse." A.C.A. § 20-82-202(5) (Repl. 1991). The Commission's directives include provision for a "team coordinator" to manage and facilitate the multidisciplinary team's ("team") activities. It is my understanding that the contract with the team coordinator would be entered by the prosecuting attorney as the so-called "lead agency" on the team. The prosecuting attorney has, I assume, been designated as the member agency responsible for receiving and administering funds for the team, also in accordance with the Commission's directives.
My review of the criteria developed by the Commission reveals no particular guidance or limitation with respect to the manner in which the team coordinator is retained. The Commission has specified, however, that the coordinator should ". . . ideally [have] no direct case intervention responsibilities." See
"Project For The Development of County Multidisciplinary Intervention Teams in Child Abuse" at 5. Team members must, on the other hand, ". . . have direct intervention responsibilities and ideally specialize in cases of child abuse in their respective agencies." Id. at 4. The employment of a team coordinator under a professional services contract, while not required, would appear to be consistent with the intent to remove the coordinator from case intervention, and focus his or her efforts instead upon managing and facilitating the team's activities. Id. at 4-5.
With regard to your second question, it must be initially noted that officers and employees of the State of Arkansas are immune from liability and suit for damages for acts or omissions, other than malicious acts or omissions, occurring within the course and scope of their employment. A.C.A. § 19-10-305 (Cum. Supp. 1991). This immunity extends to a prosecuting attorney, as a state officer. And suit cannot be maintained against the state without its consent. See generally Assaad-Faltas v. University ofArk., 708 F. Supp. 1026 (E.D. Ark. 1989), aff'd, 902 F.2d 1572
(8th Cir. 1990); Ark. Const. art. 5, § 20.
Thus, under the scenario outlined in your second question, I foresee no liability for the prosecutor's nonmalicious acts or omissions.[1] The independent contractor status of the team coordinator could, of course, also be cited in defense of any vicarious liability claim. See generally Gray v.McLaughlin, 207 Ark. 191, 179 S.W.2d 686 (1944); 30 C.J.S.Employer — Employee § 181 (1992).[2] I do not believe in any event, however, that a vicarious liability claim would lie against the prosecuting attorney personally, because the actual "employer" is the Office of the Prosecuting Attorney. And as to any claim against the prosecuting attorney personally, regardless of the employment relationship, the sovereign immunity granted under § 19-10-305 will prevent any claim for damages other than a claim based upon the prosecuting attorney's malicious acts or omissions.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] While it seems unlikely that any federal claim would arise under your hypothetical, it should be noted that public officers and employees are generally entitled to qualified immunity in the federal courts. See Fogel v. Benton County Scan,665 F.Supp. 729 (W.D. Ark. 1987).
[2] An independent contractor is one who, exercising an independent employment, contracts to do a job according to his own methods, without being subject to the control of his employer, except as to the result of his work. See Chapman Dewey Lumber Co. v. Andrews, 192 Ark. 291, 91 S.W.2d 1026
(1936).